<u>NO. 22-20519</u>

## IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

---

**JANICE HUGHES BARNES, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ASHTIAN BARNES, DECEASED; TOMMY DUANE BARNES,**
**Plaintiffs - Appellants,**

v.

**ROBERTO FELIX, JR; COUNTY OF HARRIS, TEXAS,**
**Defendants - Appellees**

**Trial Court Case No.: 4:18-CV-00725**

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

---

## RECORD EXCERPTS OF APPELLANT, JANICE HUGHES BARNES

---

Adam W. Fomby
State Bar No.  24083006
Howard R. Fomby
State Bar No. 24069725
440 Louisiana Street, Suite 900
Houston, Texas 77002
(281) 846-4229 Telephone
(888) 588-4925 Facsimile
adam@fombylaw.com
hfomby@fombylaw.com
**Attorneys for Appellant/Plaintiff Janice Hughes Barnes**

## TABLE OF TABS

| TAB # | ROA |
|---|---|
| Tab 1, Docket Sheet | ROA.1-22 |
| Tab 2, Notice of Appeal | ROA.3045-3046 |
| Tab 3, Order-03/31/2021 | ROA.2092-2103 |
| Tab 4, Order-08/29/2022 | ROA.2988-2995 |

# TABLE OF CONTENTS

TABLE OF TABS ................................................................................ 2

TABLE OF CONTENTS ..................................................................... 3

Tab 1 .................................................................................................. 4

Tab 2 ................................................................................................ 34

Tab 3 ................................................................................................ 37

Tab 4 ................................................................................................ 50

CERTIFICATE OF SERVICE ........................................................ 59

CERTIFICATE OF COMPLIANCE ................................................ 59

# Tab 1
### Docket Sheet
### ROA.1-22

APPEAL,CLOSED,PLRA

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:18-cv-00725
## Internal Use Only

Barnes et al v. Felix et al

Assigned to: Judge Alfred H Bennett

Case in other court:  129th DIstrict Court, Harris County, Texas, 17-86034

Cause: 42:1983 Civil Rights Act

Date Filed: 03/07/2018
Date Terminated: 08/29/2022
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Janice Hughes Barnes**
*Individually and as Representative of the*
*Estate of Ashtian Barnes, Deceased*

represented by

**Adam Wilson Fomby**
Fomby Law Firm
440 Louisiana Street Suite 900
Houston, TX 77002
281-846-4229
Fax: 888-588-4925
Email: adam@fombylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Howard Rene Fomby**
The Fomby Law Firm
440 Louisiana St
Ste 900
Houston, TX 77002
281-846-4229
Email: hfomby@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Liyah Kaprice Brown**
Texas Civil Rights Project
1405 Montopolis Drive
Austin, TX 78741
832-767-3650
Email: liyah@texascivilrightsproject.org
*TERMINATED: 02/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ashley Fernandez Dorsaneo**
Texas Civil Rights Project
1405 Montopolis Drive
Austin, TX 78741
512-474-5073
Email: ashley@texascivilrightsproject.org
*ATTORNEY TO BE NOTICED*

1

**Mimi Murray Digby Marziani**
Texas Civil Rights Project
1405 Montropolis Dr
Austin, TX 78741
512-474-5073
Email: mimi@texascivilrightsproject.org
*ATTORNEY TO BE NOTICED*

**Peter Blackmer Steffensen**
SMU Dedman School of Law
P.O. Box 750116
Dallas, TX 75275-0116
214-768-4077
Fax: 214-768-1611
Email: psteffensen@mail.smu.edu
*TERMINATED: 05/24/2022*
*ATTORNEY TO BE NOTICED*

**Travis W. Fife**
Texas Civil Rights Project
PO Box 1108
Houston, TX 77251
512-474-5073
Email: travis@texascivilrightsproject.org
*ATTORNEY TO BE NOTICED*

**Zachary David Dolling**
Texas Civil Rights Project
1405 Montopolis Drive
Austin, TX 78741
512-496-4746
Email: zachary@texascivilrightsproject.org
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Tommy Duane Barnes**                      represented by   **Tommy Duane Barnes**
                                                             Lopez State Jail Unit
                                                             1203 E El Cibolo Rd
                                                             Edinburg, TX 78542
                                                             PRO SE

                                                             **Adam Wilson Fomby**
                                                             (See above for address)
                                                             *TERMINATED: 02/15/2022*
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Howard Rene Fomby**
                                                             (See above for address)
                                                             *TERMINATED: 02/15/2022*
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*
                                                             **Liyah Kaprice Brown**
                                                             (See above for address)
                                                             *TERMINATED: 02/14/2022*
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Peter Blackmer Steffensen**
                                                             (See above for address)
                                                             *TERMINATED: 02/15/2022*
                                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Roberto Felix, Jr.**                    represented by    **James Carroll Butt**
Harris County Attorney's Office
Defensive Litigation
1019 Congress
Houston, TX 77002
713-274-5133
Email: james.butt@harriscountytx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Suzanne Bradley**
Harris County Attorney's Office
1019 Congress
15th Floor
Houston, TX 77002
713-274-5330
Fax: 713-755-8924
Email: Suzanne.Bradley@harriscountytx.gov
*TERMINATED: 02/10/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cameron Hatzel**
Meyer Orlando LLC
13201 Northwest Freeway
Suite 119
Houston, TX 77040
713-460-9804
Email: chatzel@meyerorlando.com
*TERMINATED: 12/21/2020*
*ATTORNEY TO BE NOTICED*

**Mary E Baker**
Attorney at Law
1326 Chardonnay Drive
Houston, TX 77077
281-851-6870
Email: maryb77077@aol.com
*TERMINATED: 12/21/2020*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **County of Harris, Texas** | represented by | **James Carroll Butt** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Suzanne Bradley** |
| | | (See above for address) |
| | | *TERMINATED: 02/10/2021* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Cameron Hatzel** |
| | | (See above for address) |
| | | *TERMINATED: 12/21/2020* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Mary E Baker** |
| | | (See above for address) |
| | | *TERMINATED: 12/21/2020* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2018 | 1 (p.23) | NOTICE OF REMOVAL from 129th District Court, Harris County, Texas, case number 2017-86034 (Filing fee $ 400 receipt number 0541-19714634) filed by County of Harris, Texas, Roberto Felix, Jr. (Attachments: # 1 (p.23) Continuation List of Counsel, # 2 (p.89) Continuation Index of Matters Filed Uopn Removal, # 3 (p.91) Civil Cover Sheet)(Baker, Mary) (Entered: 03/07/2018) |
| 03/08/2018 | 2 (p.89) | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 7/6/2018 at 09:00 AM in Courtroom 8C before Judge Alfred H Bennett. (Signed by Judge Alfred H Bennett) Parties notified.(hcarradi, 4) (Entered: 03/08/2018) |
| 03/28/2018 | 3 (p.91) | CERTIFICATE OF INTERESTED PARTIES by County of Harris, Texas, Roberto Felix, Jr, filed.(Baker, Mary) (Entered: 03/28/2018) |

| 03/30/2018 | 4 (p.93) | CERTIFICATE OF INTERESTED PARTIES by Janice Hughes Barnes, Tommy Duane Barnes, filed.(Fomby, Adam) (Entered: 03/30/2018) |
|---|---|---|
| 06/25/2018 | 5 (p.96) | Joint JOINT DISCOVERY/CASE MANAGEMENT PLAN by Janice Hughes Barnes, filed.(Fomby, Adam) (Entered: 06/25/2018) |
| 07/06/2018 | | Minute Entry for proceedings held before Judge Alfred H Bennett. SCHEDULING CONFERENCE held on 7/6/2018. Dates agreed; scheduling order to follow. Appearances: Adam Wilson Fomby, Mary E Baker.(Court Reporter: G. Dye), filed.(ledwards, 4) (Entered: 07/06/2018) |
| 07/06/2018 | 6 (p.106) | SCHEDULING ORDER. Amended Pleadings due by 9/7/2018. Joinder of Parties due by 9/7/2018 Pltf Expert Report due by 2/6/2019. Deft Expert Report due by 4/19/2019. Discovery due by 4/5/2019. Dispositive Motion Filing due by 5/3/2019. Non-Dispositive Motion Filing due by 5/3/2019. Joint Pretrial Order due by 7/29/2019. Docket Call set for 8/16/2019 at 01:30 PM in Courtroom 8C before Judge Alfred H Bennett Jury Trial set for 8/19/2019 at 09:00 AM in Courtroom 8A before Judge Alfred H Bennett(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 07/09/2018) |
| 03/28/2019 | 7 (p.108) | Opposed MOTION to Produce Grand Jury Testimony, Opposed MOTION for Production of Documents( Motion Docket Date 4/18/2019.) by Janice Hughes Barnes, Tommy Duane Barnes, filed. (Attachments: # 1 (p.23) Exhibit Exhibit B - Subpoena to HCDA, # 2 (p.89) Exhibit Exhibit A - Felix Witness Statement, # 3 (p.91) Proposed Order Proposed Order)(Fomby, Adam) (Entered: 03/28/2019) |
| 03/28/2019 | 8 (p.122) | NOTICE of Appearance by Cameron Hatzel on behalf of County of Harris, Texas, Roberto Felix, Jr, filed. (Hatzel, Cameron) (Entered: 03/28/2019) |
| 04/16/2019 | 9 (p.124) | Agreed MOTION for Continuance by Janice Hughes Barnes, Tommy Duane Barnes, filed. Motion Docket Date 5/7/2019. (Attachments: # 1 (p.23) Proposed Order Proposed Amended Docket Control Order)(Fomby, Adam) (Entered: 04/16/2019) |

| | | |
|---|---|---|
| 04/22/2019 | 10 (p.130) | SCHEDULING ORDER Granting 9 (p.124) Agreed MOTION for Continuance. ( Discovery due by 6/4/2019., Dispositive Motion Filing due by 7/2/2019., Joint Pretrial Order due by 9/27/2019., Docket Call set for 10/25/2019 at 01:30 PM in Courtroom 8C before Judge Alfred H Bennett, Jury Trial set for 10/28/2019 at 09:00 AM in Courtroom 8C before Judge Alfred H Bennett)(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 04/22/2019) |
| 05/17/2019 | 11 (p.132) | ORDER granting 7 (p.108) Motion to Produce; granting 7 (p.108) Motion for Production of Documents.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 05/17/2019) |
| 06/28/2019 | 12 (p.134) | Agreed MOTION for Extension of Time In Which to File Dispositive Motion by County of Harris, Texas, Roberto Felix, Jr, filed. Motion Docket Date 7/19/2019. (Attachments: # 1 (p.23) Proposed Order)(Baker, Mary) (Entered: 06/28/2019) |
| 07/01/2019 | 13 (p.139) | ORDER granting 12 (p.134) Motion for Extension of Time Responses due by 7/30/2019.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 07/01/2019) |
| 07/30/2019 | 14 (p.140) | MOTION for Leave to File Consolidated Motion for Summary Judgment by County of Harris, Texas, Roberto Felix, Jr, filed. Motion Docket Date 8/20/2019. (Attachments: # 1 (p.23) Proposed Order)(Baker, Mary) (Entered: 07/30/2019) |
| 07/30/2019 | 15 (p.144) | MOTION for Summary Judgment by County of Harris, Texas, Roberto Felix, Jr, filed. Motion Docket Date 8/20/2019. (Attachments: # 1 (p.23) Exhibit, # 2 (p.89) Exhibit, # 3 (p.91) Exhibit, # 4 (p.93) Exhibit, # 5 (p.96) Exhibit, # 6 (p.106) Exhibit, # 7 (p.108) Proposed Order)(Baker, Mary) (Entered: 07/30/2019) |
| 08/01/2019 | 16 (p.520) | EXH 3 AND EXH 4 TO MOTION FOR SUMMARY JUDGMENT # 15 (p.144) DOCUMENT IS LOOSE IN FILE, filed.(scastillo, 1) (Entered: 08/06/2019) |
| 08/20/2019 | 17 (p.522) | MOTION for Leave to File Joint Response to Defendants Motion for Summary Judgment by Janice Hughes Barnes, Tommy Duane Barnes, filed. Motion Docket Date 9/10/2019. (Attachments: # 1 (p.23) Proposed Order Proposed order on Plaintiffs' Motion for Leave)(Fomby, Adam) (Entered: 08/20/2019) |

| 08/20/2019 | 18 (p.526) | RESPONSE to 15 (p.144) MOTION for Summary Judgment filed by Janice Hughes Barnes, Tommy Duane Barnes. (Attachments: # 1 (p.23) Exhibit Exhibit A, # 2 (p.89) Exhibit Exhibit B, # 3 (p.91) Exhibit Exhibit C, # 4 (p.93) Exhibit Exhibit D, # 5 (p.96) Exhibit Exhibit E, # 6 (p.106) Exhibit Exhibit F, # 7 (p.108) Exhibit Exhibit G, # 8 (p.122) Exhibit Exhibit H, # 9 (p.124) Exhibit Exhibit I, # 10 (p.130) Exhibit Exhibit L, # 11 (p.132) Appendix Appendix A)(Fomby, Adam) (Entered: 08/20/2019) |
| 08/22/2019 | 19 (p.826) | VIDEO EXHIBITS A, I and L., re: 18 (p.526) Response to Motion, by Janice Hughes Barnes, Tommy Duane Barnes, filed.(mmarquez, 5) (Entered: 08/26/2019) |
| 08/27/2019 | 20 (p.828) | REPLY in Support of 15 (p.144) MOTION for Summary Judgment , filed by County of Harris, Texas, Roberto Felix, Jr. (Attachments: # 1 (p.23) Exhibit 7 - Plaintiffs' 30(b)(6) Notice, # 2 (p.89) Exhibit 8 - Defendants' Designation of Corporate Representatives)(Hatzel, Cameron) (Entered: 08/27/2019) |
| 08/27/2019 | 21 (p.845) | MOTION to Strike 15 (p.144) MOTION for Summary Judgment *Evidence attached as Exhibit 6* by Janice Hughes Barnes, Tommy Duane Barnes, filed. Motion Docket Date 9/17/2019. (Attachments: # 1 (p.23) Proposed Order)(Fomby, Adam) (Entered: 08/27/2019) |
| 08/29/2019 | 22 (p.850) | RESPONSE to 21 (p.845) MOTION to Strike 15 (p.144) MOTION for Summary Judgment *Evidence attached as Exhibit 6* filed by County of Harris, Texas, Roberto Felix, Jr. (Attachments: # 1 (p.23) Proposed Order)(Baker, Mary) (Entered: 08/29/2019) |
| 09/03/2019 | 23 (p.854) | Opposed MOTION for Leave to File Sur Reply by Janice Hughes Barnes, Tommy Duane Barnes, filed. Motion Docket Date 9/24/2019. (Attachments: # 1 (p.23) Proposed Order Proposed Order)(Fomby, Adam) (Entered: 09/03/2019) |
| 09/03/2019 | 24 | STRICKEN FROM THE RECORD, (see Order Doc # 28 ) SURREPLY to 15 (p.144) (Entered: 09/03/2019) |
| 09/04/2019 | 25 (p.858) | RESPONSE to 23 (p.854) Opposed MOTION for Leave to File Sur Reply filed by County of Harris, Texas, Roberto Felix, Jr. (Baker, Mary) (Entered: 09/04/2019) |
| 09/25/2019 | 26 (p.863) | Joint MOTION to Amend 10 (p.130) Scheduling Order, by County of Harris, Texas, Roberto Felix, Jr, filed. Motion Docket Date 10/16/2019. (Hatzel, Cameron) (Entered: 09/25/2019) |
| 10/01/2019 | 27 (p.867) | ORDER granting 26 (p.863) Motion to Extend.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) Modified on 10/1/2019 (ledwards, 4). (Entered: 10/01/2019) |

| 10/01/2019 | | (Court only) ***Deadlines terminated. (ledwards, 4) (Entered: 10/01/2019) |
|---|---|---|
| 12/02/2019 | 28 (p.868) | ORDER denying 23 (p.854) Motion for Leave to File Sur-reply. Hearing on Motion for Summary Judgment scheduled January 6, 2020 at 10:00 a.m..(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 12/02/2019) |
| 12/02/2019 | | ***Set/Reset Deadlines as to 15 (p.144) MOTION for Summary Judgment : Motion Hearing set for 1/6/2020 at 10:00 AM in Courtroom 8C before Judge Alfred H Bennett (ledwards, 4) (Entered: 12/02/2019) |
| 01/03/2020 | 29 (p.869) | Unopposed MOTION to Reset January 6, 2020 Hearing by County of Harris, Texas, Roberto Felix, Jr, filed. Motion Docket Date 1/24/2020. (Attachments: # 1 (p.23) Exhibit A - Trial Setting in 17-cv-1268, # 2 (p.89) Proposed Order)(Hatzel, Cameron) (Entered: 01/03/2020) |
| 01/06/2020 | 30 (p.873) | ORDER granting 29 (p.869) Motion to Reset Motion Hearing set for 1/24/2020 at 10:00 AM in Courtroom 8C before Judge Alfred H Bennett.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 01/06/2020) |
| 01/24/2020 | | Minute Entry for proceedings held before Judge Alfred H Bennett. MOTION HEARING held on 1/24/2020. Brief due 2 weeks from today Appearances: Adam Wilson Fomby, Cameron Hatzel.(Court Reporter: L. Wells), filed.(ledwards, 4) (Entered: 01/27/2020) |
| 02/04/2020 | 31 (p.874) | Supplemental BRIEF *Pursuant to Court's Order* re: 15 (p.144) MOTION for Summary Judgment by County of Harris, Texas, Roberto Felix, Jr, filed. (Attachments: # 1 (p.23) Exhibit 9 Fresh Pursuit Policy)(Baker, Mary) (Entered: 02/04/2020) |
| 02/06/2020 | 32 (p.887) | NOTICE *of Additional Legal Authority Pertaining to a Texas Constable's Policymaker Non-Status* by County of Harris, Texas, filed. (Attachments: # 1 (p.23) Exhibit 1 - Coats Opinion (TX 14th COA))(Hatzel, Cameron) (Entered: 02/06/2020) |
| 02/07/2020 | 33 (p.938) | RESPONSE to Motion Hearing *Supplemental Brief*, filed by Janice Hughes Barnes, Tommy Duane Barnes. (Attachments: # 1 (p.23) Appendix Appendix A, # 2 (p.89) Appendix Appendix B, # 3 (p.91) Appendix Appendix C)(Fomby, Adam) (Entered: 02/07/2020) |

| 02/11/2020 | 34 (p.1205) | MOTION to Strike 32 (p.887) Notice (Other) by Janice Hughes Barnes, Tommy Duane Barnes, filed. Motion Docket Date 3/3/2020. (Attachments: # 1 (p.23) Proposed Order Proposed Order)(Fomby, Adam) (Entered: 02/11/2020) |
| 02/11/2020 | 35 (p.1210) | RESPONSE to 34 (p.1205) MOTION to Strike 32 (p.887) Notice (Other) filed by County of Harris, Texas. (Attachments: # 1 (p.23) Proposed Order)(Hatzel, Cameron) (Entered: 02/11/2020) |
| 02/11/2020 | 36 (p.1214) | MOTION for Sanctions by Janice Hughes Barnes, Tommy Duane Barnes, filed. Motion Docket Date 3/3/2020. (Attachments: # 1 (p.23) Exhibit Exhibit A, # 2 (p.89) Proposed Order Proposed Order)(Fomby, Adam) (Entered: 02/11/2020) |
| 02/18/2020 | 37 (p.1229) | RESPONSE to 36 (p.1214) MOTION for Sanctions filed by County of Harris, Texas. (Attachments: # 1 (p.23) Proposed Order)(Hatzel, Cameron) (Entered: 02/18/2020) |
| 02/19/2020 | 38 (p.1235) | NOTICE of Setting on # 36 (p.1214) MOTION for Sanctions Parties notified. Motion Hearing set for 2/26/2020 at 09:30 AM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) Modified on 2/19/2020 (ledwards, 4). (Entered: 02/19/2020) |
| 02/26/2020 | | Minute Entry for proceedings held before Judge Alfred H Bennett. MOTION HEARING held on 2/26/2020 ; Motion-related deadline set re: 36 (p.1214) MOTION for Sanctions. The Court will afford Plaintiff 15 additional interrogatories. Defendants given two weeks to respond after production. Appearances: Adam Wilson Fomby, Mary E Baker.(Court Reporter: K. Metzger), filed.(ledwards, 4) (Entered: 02/26/2020) |
| 03/03/2020 | 39 (p.1236) | ORDER denying as moot 34 (p.1205) Motion to Strike; denying as moot 14 (p.140) Motion for Leave to File; denying 15 (p.144) Motion for Summary Judgment; denying as moot 17 (p.522) Motion for Leave to File; denying as moot 21 (p.845) Motion to Strike.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 03/03/2020) |
| 03/25/2020 | 40 (p.1238) | ADVISORY by County of Harris, Texas, filed.(Baker, Mary) (Entered: 03/25/2020) |
| 06/01/2020 | 41 (p.1240) | NOTICE of Setting. Parties notified. Status Conference set for 6/4/2020 at 10:30 AM in by video before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 06/01/2020) |

| | | |
|---|---|---|
| 06/04/2020 | | Minute Entry for proceedings held before Judge Alfred H Bennett. STATUS CONFERENCE held on 6/4/2020. The Court anticipates discovery issues will be resolved by the end of July. Motions for Summary Judgement and Responses should be on file by the end of August. Appearances: Howard Rene Fomby, Adam Wilson Fomby, Cameron Hatzel, Mary E Baker.(Court Reporter: L. Smith), filed.(ledwards, 4) (Entered: 06/04/2020) |
| 07/31/2020 | 42 (p.1241) | MOTION for Summary Judgment by County of Harris, Texas, Roberto Felix, Jr, filed. Motion Docket Date 8/21/2020. (Attachments: # 1 (p.23) Exhibit 1 Affidavit of Roberto Felix, # 2 (p.89) Exhibit 2 Affidavit of Terry Allbritton, # 3 (p.91) Exhibit 3 Houston Police Department Records, # 4 (p.93) Exhibit 4 Affidavit of Precinct 5 Custodian, # 5 (p.96) Exhibit 5 Affidavit of Jared Zwickey, # 6 (p.106) Exhibit 6 Affidavit of Maria Mora, # 7 (p.108) Proposed Order)(Baker, Mary) (Entered: 07/31/2020) |
| 08/03/2020 | 43 (p.1617) | EXHIBITS #3 & #4 re: 42 (p.1241) MOTION for Summary Judgment by County of Harris, Texas, Roberto Felix, Jr. **Original USB w/exhibits has been given to Chambers.** (EdnitaPonce, 1) (Entered: 08/06/2020) |
| 08/10/2020 | | (Court only) ***Motion(s) terminated: 36 (p.1214) MOTION for Sanctions. Judge granted the Motion for Sanctions (Doc. #36) in part by granting additional interrogatories and denied the remaining requested relief. (dosmith, 4) (Entered: 08/10/2020) |
| 08/20/2020 | 44 (p.1618) | RESPONSE to 42 (p.1241) MOTION for Summary Judgment filed by Janice Hughes Barnes, Tommy Duane Barnes. (Attachments: # 1 (p.23) Exhibit Exhibit A, # 2 (p.89) Exhibit Exhibit B, # 3 (p.91) Exhibit Exhibit C, # 4 (p.93) Errata Exhibit D, # 5 (p.96) Errata Exhibit E, # 6 (p.106) Exhibit Exhibit F, # 7 (p.108) Exhibit Exhibit G, # 8 (p.122) Exhibit Exhibit H, # 9 (p.124) Exhibit Exhibit I, # 10 (p.130) Exhibit Exhibit J, # 11 (p.132) Errata Exhibit K, # 12 (p.134) Exhibit Exhibit L, # 13 (p.139) Exhibit Exhibit M, # 14 (p.140) Exhibit Exhibit N, # 15 (p.144) Exhibit Exhibit O)(Fomby, Howard) (Entered: 08/20/2020) |
| 08/27/2020 | 45 (p.2068) | Joint REPLY to Response to 42 (p.1241) MOTION for Summary Judgment , filed by County of Harris, Texas, Roberto Felix, Jr. (Baker, Mary) (Entered: 08/27/2020) |
| 09/03/2020 | 46 (p.2083) | RESPONSE to 45 (p.2068) Reply to Response to Motion *Objection to Plaintiffs' Summary Judgment Evidence*, filed by Janice Hughes Barnes, Tommy Duane Barnes. (Fomby, Adam) (Entered: 09/03/2020) |

| 12/21/2020 | 47 (p.2088) | NOTICE of attorney substitution by County of Harris, Texas, Roberto Felix, Jr. Attorney Mary E Baker and Cameron Hatzel terminated, filed. (Bradley, Suzanne) (Entered: 12/21/2020) |
|---|---|---|
| 02/10/2021 | 48 (p.2090) | NOTICE of attorney substitution by County of Harris, Texas, Roberto Felix, Jr. Attorney James Butt added. Attorney Suzanne Bradley terminated, filed. (Butt, James) (Entered: 02/10/2021) |
| 03/31/2021 | 49 (p.2092) | ORDER granting 42 (p.1241) Motion for Summary Judgment.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 03/31/2021) |
| 04/05/2021 | 50 (p.2104) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 49 (p.2092) Order on Motion for Summary Judgment by Janice Hughes Barnes, Tommy Duane Barnes (Filing fee $ 505, receipt number 0541-26222811), filed. (Fomby, Adam)  (Entered: 04/05/2021) |
| 04/06/2021 | 51 (p.2106) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 50 (p.2104) Notice of Appeal. Fee status: Paid. Reporter(s): G. Dye, L. Wells, K. Metzger, L. Smith, filed. (Attachments: # 1 (p.23) Notice of Appeal) (JenniferLongoria, 1) (Entered: 04/06/2021) |
| 04/06/2021 | | Appeal Review Notes re: 50 (p.2104) Notice of Appeal. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal. Number of DKT-13 Forms expected: 4, filed.(JenniferLongoria, 1) (Entered: 04/06/2021) |
| 04/07/2021 | 52 (p.2109) | DKT13 TRANSCRIPT ORDER REQUEST by Adam Fomby. Transcript is unnecessary for appeal purposes This order form relates to the following: 50 (p.2104) Notice of Appeal, filed. (Fomby, Adam) (Entered: 04/07/2021) |
| 04/12/2021 | | Notice of Assignment of USCA No. 21-20180 re: 50 (p.2104) Notice of Appeal, filed.(JenniferLongoria, 1) (Entered: 04/12/2021) |
| 04/13/2021 | | (Court only) Set/Cleared Flags. APPEAL_NAT flag cleared. (JenniferLongoria, 1) (Entered: 04/13/2021) |

| 04/19/2021 | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: 50 (p.2104) Notice of Appeal USCA No. 21-20180, filed.(JenniferLongoria, 1) (Entered: 04/19/2021) |
|---|---|---|
| 04/19/2021 | | *** Electronic access to record on appeal not granted. Counsel has not filed an appearance with the Fifth Circuit, filed. (JenniferLongoria, 1) (Entered: 04/19/2021) |
| 04/20/2021 | | Electronic Access to Record on Appeal Provided re: 50 (p.2104) Notice of Appeal to James Carroll Butt, counsel for appellee. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 21-20180), filed.(JenniferLongoria, 1) (Entered: 04/20/2021) |
| 04/30/2021 | | Electronic Access to Record on Appeal Provided re: 50 (p.2104) Notice of Appeal to Seth Barrett Hopkins. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 21-20180), filed.(JenniferLongoria, 1) (Entered: 04/30/2021) |
| 05/03/2021 | | Electronic Access to Record on Appeal Provided re: 50 (p.2104) Notice of Appeal to Adam Fomby. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 21-20180), filed.(JenniferLongoria, 1) (Entered: 05/03/2021) |
| 06/11/2021 | 53 (p.2111) | DKT13 TRANSCRIPT ORDER REQUEST by Liyah Brown. This is to order a transcript of Hearing held on 2/26/20 before Judge Bennett. Court Reporter/Transcriber: Kathy Metzger. This order form relates to the following: 50 (p.2104) Notice of Appeal, filed.(thanniable, 4) (Entered: 06/28/2021) |
| 06/11/2021 | 54 (p.2112) | DKT13 TRANSCRIPT ORDER REQUEST by Liyah Brown. This is to order a transcript of Hearing on 1/24/20 held before Judge Bennett. Court Reporter/Transcriber: Laura Wells. This order form relates to the following: 50 (p.2104) Notice of Appeal, filed.(thanniable, 4) (Entered: 06/28/2021) |

| 06/29/2021 | 55 (p.2113) | DKT13 TRANSCRIPT ORDER REQUEST by James Butt. This is to order a transcript of Motion Hearing on 1/24/2020 before Judge Bennett. Court Reporter/Transcriber: Laura Wells. This order form relates to the following: Motion Hearing, filed. (Butt, James) (Entered: 06/29/2021) |
| --- | --- | --- |
| 06/30/2021 | 56 (p.2114) | DKT13 TRANSCRIPT ORDER REQUEST by James Butt. This is to order a transcript of Motion Hearing on 2/26/2020 before Judge Bennett. Court Reporter/Transcriber: Kathy Metzger. This order form relates to the following: Motion Hearing,, filed. (Butt, James) (Entered: 06/30/2021) |
| 07/07/2021 | 57 | Docketed in Error - See Entry 58 (p.3091) APPEAL TRANSCRIPT re Motion Hearing held on January 24, 2020 before Judge Alfred H Bennett. Court Reporter/Transcriber Laura Wells. Ordering Party: Ms. Liyah K. Brown and Mr. James Butt. This transcript relates to the following: 55 (p.2113) Appeal Transcript Request, 54 (p.2112) Appeal Transcript Request,. Release of Transcript Restriction set for 10/5/2021., filed. (lwells, ) Modified on 7/7/2021 (emathis, 4). (Entered: 07/07/2021) |
| 07/07/2021 | 58 (p.3091) | APPEAL TRANSCRIPT re Motion Hearing held on January 24, 2020 before Judge Alfred H Bennett. Court Reporter/Transcriber Laura Wells. Ordering Party: Ms. Liyah K. Brown and Mr. James Butt. This transcript relates to the following: 55 (p.2113) Appeal Transcript Request, 54 (p.2112) Appeal Transcript Request,. Release of Transcript Restriction set for 10/5/2021., filed. (lwells, ) (Entered: 07/07/2021) |
| 07/08/2021 | 59 (p.2115) | Notice of Filing of Official Transcript as to 58 (p.3091) Transcript - Appeal,. Party notified, filed. (dhansen, 4) (Entered: 07/08/2021) |
| 07/16/2021 | 60 (p.3137) | APPEAL TRANSCRIPT re Motion Hearing held on 2/26/2020 before Judge Alfred H Bennett. Court Reporter/Transcriber K. Metzger. This transcript relates to the following: 56 (p.2114) Appeal Transcript Request,. Release of Transcript Restriction set for 10/14/2021., filed. (kmetzger) (Entered: 07/16/2021) |
| 07/19/2021 | 61 (p.2116) | Notice of Filing of Official Transcript as to 60 (p.3137) Transcript - Appeal,. Party notified, filed. (gclair, 4) (Entered: 07/19/2021) |

| | | |
|---|---|---|
| 08/11/2021 | 62 (p.2117) | Order of USCA - JUDGMENT; Judgment issued as mandate 8/11/2021 re: 50 (p.2104) Notice of Appeal ; USCA No. 21-20180. the opposed motion of appellants to dismiss the appeal without prejudice is GRANTED, filed.(dnoriega, 1) (Entered: 08/11/2021) |
| 08/13/2021 | 63 (p.2119) | NOTICE of Appearance by Peter Steffensen on behalf of Janice Hughes Barnes, Tommy Duane Barnes, filed. (Steffensen, Peter) (Entered: 08/13/2021) |
| 08/13/2021 | 64 (p.2120) | NOTICE of Appearance by Liyah K. Brown on behalf of Janice Hughes Barnes, Tommy Duane Barnes, filed. (Steffensen, Peter) (Entered: 08/13/2021) |
| 08/13/2021 | 65 (p.2121) | NOTICE of Appearance by Zachary Dolling on behalf of Janice Hughes Barnes, Tommy Duane Barnes, filed. (Steffensen, Peter) (Entered: 08/13/2021) |
| 08/13/2021 | 66 (p.2122) | Opposed MOTION for Clarification by Janice Hughes Barnes, Tommy Duane Barnes, filed. Motion Docket Date 9/3/2021. (Attachments: # 1 (p.23) Exhibit Ex. 1 - Transcript, # 2 (p.89) Proposed Order)(Steffensen, Peter) (Entered: 08/13/2021) |
| 08/17/2021 | 67 (p.2188) | RESPONSE in Opposition to 66 (p.2122) Opposed MOTION for Clarification, filed by County of Harris, Texas, Roberto Felix, Jr. (Attachments: # 1 (p.23) Proposed Order)(Butt, James) (Entered: 08/17/2021) |
| 08/24/2021 | 68 (p.2192) | REPLY to Response to 66 (p.2122) Opposed MOTION for Clarification, filed by Janice Hughes Barnes, Tommy Duane Barnes. (Steffensen, Peter) (Entered: 08/24/2021) |
| 10/29/2021 | 69 (p.2195) | MOTION to Dismiss by Tommy Duane Barnes, filed. Motion Docket Date 11/19/2021. (RachelSalazar, 4) (Entered: 11/03/2021) |
| 11/03/2021 | 70 (p.2200) | Letter/ MOTION for Appointment of New Counsel by Tommy Duane Barnes, filed. Motion Docket Date 11/24/2021. (ledwards, 4) (Entered: 11/04/2021) |
| 11/04/2021 | 71 (p.2202) | Letter from Tommy Barnes, filed. (ledwards, 4) (Entered: 11/09/2021) |

| 12/13/2021 | 72 (p.2205) | NOTICE of Setting. Parties notified. Motion Hearing set for 1/5/2022 at 10:30 AM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 12/13/2021) |
|---|---|---|
| 12/30/2021 | 73 (p.2206) | MOTION to Dismiss Counsel by Tommy Duane Barnes, filed. Motion Docket Date 1/20/2022. (BrandisIsom, 4) (Entered: 12/30/2021) |
| 01/05/2022 | | Minute Entry for proceedings held before Judge Alfred H Bennett. MOTION HEARING held on 1/5/2022. Plaintiff, Tommy Barnes is incarcerated, the court will reset this hearing to allow the plaintiff to appear by phone. Appearances:Liyah Brown. Peter Blackmer Steffensen, Adam Wilson Fomby, James Carroll Butt.(Court Reporter: D. Smith), filed.(ledwards, 4) (Entered: 01/05/2022) |
| 01/05/2022 | | (Court only) ***Attorney Liyah Kaprice Brown for Janice Hughes Barnes,Liyah Kaprice Brown for Tommy Duane Barnes added. (ledwards, 4) (Entered: 01/05/2022) |
| 01/11/2022 | 74 (p.2215) | ORDER Setting Hearing on Motion 73 (p.2206) MOTION Dismiss Counsel :Hearing set for 2/4/2022 at 10:30 AM in by telephone before Judge Alfred H Bennett(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 01/11/2022) |
| 01/25/2022 | 75 (p.2216) | Plaintiff's Support Documents on Motion to Dismiss Counsel and Open Investigation on Political Corruption Within the Agencies by Tommy Duane Barnes, filed. (Attachments: # 1 (p.23) Support Documents) (RachelWillborg, 4) (Entered: 01/26/2022) |
| 01/31/2022 | 76 (p.2235) | NOTICE of Resetting. Parties notified. Motion Hearing set for 2/15/2022 at 10:00 AM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 01/31/2022) |
| 01/31/2022 | 77 (p.2236) | ORDER Motion Hearing set for 2/15/2022 at 10:00 AM in by telephone before Judge Alfred H Bennett(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Main Document 77 replaced on 2/15/2022) (ledwards, 4). (Entered: 01/31/2022) |
| 02/07/2022 | 78 (p.2237) | MOTION Subpoena A Graph by Tommy Duane Barnes, filed. Motion Docket Date 2/28/2022. (RachelSalazar, 4) (Entered: 02/08/2022) |

| | | |
|---|---|---|
| 02/14/2022 | 79 (p.2240) | NOTICE of attorney substitution by Janice Hughes Barnes. Attorney Mimi Marziani added. Attorney Liyah Kaprice Brown terminated, filed. (Steffensen, Peter) (Entered: 02/14/2022) |
| 02/14/2022 | 80 (p.2242) | Unopposed MOTION for Counsel for Plaintiff Mr. Tommy Barnes to Withdraw as Attorney by Janice Hughes Barnes, Tommy Duane Barnes, filed. Motion Docket Date 3/7/2022. (Attachments: # 1 (p.23) Proposed Order)(Steffensen, Peter) (Entered: 02/14/2022) |
| 02/15/2022 | | (Court only) ***Case Reopened. (ledwards, 4) (Entered: 02/15/2022) |
| 02/15/2022 | | Minute Entry for proceedings held before Judge Alfred H Bennett. MOTION HEARING held on 2/15/2022. Counsel advised the court that Plaintiff Tommy Barnes request to represent himself, the Motion to Dismiss Counsel is GRANTED. The Motion for Clarification is GRANTED. Appearances:Mimi Marziani. James Carroll Butt.(Court Reporter: M. Malone), filed.(ledwards, 4) (Entered: 02/15/2022) |
| 02/15/2022 | 81 (p.2247) | ORDER mooting 70 (p.2200) Motion to Appoint ; mooting 73 (p.2206) Motion; granting 80 (p.2242) Motion to Withdraw as Attorney. Attorney Peter Blackmer Steffensen; Adam Wilson Fomby and Howard Rene Fomby terminated.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 02/15/2022) |
| 02/15/2022 | 82 (p.2248) | ORDER granting 66 (p.2122) Motion for Clarification.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 02/15/2022) |
| 02/23/2022 | 83 (p.2249) | MOTION to Inform Court by Tommy Duane Barnes, filed. Motion Docket Date 3/16/2022. (BrandisIsom, 4) (Entered: 02/25/2022) |
| 02/23/2022 | 89 (p.2280) | MOTION to Intervene by Tommy Duane Barnes, filed. Motion Docket Date 3/16/2022. (bgoolsby, 4) (Entered: 03/10/2022) |
| 03/03/2022 | 84 (p.2265) | MOTION to Lift Stay by Janice Hughes Barnes, filed. Motion Docket Date 3/24/2022. (Fomby, Adam) (Entered: 03/03/2022) |

| 03/04/2022 | 86 (p.2273) | Letter from Janice Barnes re: Notification, filed. (BrandisIsom, 4) (Entered: 03/08/2022) |
|---|---|---|
| 03/07/2022 | 85 (p.2268) | STATUS REPORT by Tommy Duane Barnes, filed.(ShannonHolden, 4) (Entered: 03/08/2022) |
| 03/07/2022 | 87 (p.2275) | Letter from Tommy Barnes re: Complaints, filed. (BrandisIsom, 4) (Entered: 03/08/2022) |
| 03/08/2022 | 88 (p.2277) | RESPONSE in Opposition to 84 (p.2265) MOTION to Lift Stay, filed by County of Harris, Texas, Roberto Felix, Jr. (Butt, James) (Entered: 03/08/2022) |
| 03/14/2022 | 90 (p.2285) | Letter from Tommy Barnes re: Request for hearing, filed. (fcarbia, 2) (Entered: 03/14/2022) |
| 03/14/2022 | 91 (p.2291) | MOTION for Clarification by Tommy Duane Barnes, filed. Motion Docket Date 4/4/2022. (Attachments: # 1 (p.23) Envelope)(fcarbia, 2) (Entered: 03/14/2022) |
| 03/14/2022 | 92 (p.2295) | MOTION to Represent Himself as Pro Se by Tommy Duane Barnes, filed. Motion Docket Date 4/4/2022. (Attachments: # 1 (p.23) Envelope)(fcarbia, 2) (Entered: 03/14/2022) |
| 03/14/2022 | 93 (p.2297) | MOTION for Discovery by Tommy Duane Barnes, filed. Motion Docket Date 4/4/2022. (Attachments: # 1 (p.23) Envelope)(fcarbia, 2) (Entered: 03/14/2022) |
| 03/14/2022 | 94 (p.2299) | Letter from Tommy Barnes re: Fraud by way of employment positions, filed. (Attachments: # 1 (p.23) Envelope) (fcarbia, 2) (Entered: 03/14/2022) |
| 03/15/2022 | 95 (p.2301) | REPLY in Support of 84 (p.2265) MOTION to Lift Stay, filed by Janice Hughes Barnes. (Fomby, Adam) (Entered: 03/15/2022) |
| 03/21/2022 | 96 (p.2304) | MOTION for Extension of Time for Necessary Documents by Tommy Duane Barnes, filed. Motion Docket Date 4/11/2022. (RachelWillborg, 4) (Entered: 03/21/2022) |
| 03/21/2022 | 97 (p.2307) | Letter from Tommy Barnes re: Rquest for court orders, filed. (BrandisIsom, 4) (Entered: 03/21/2022) |
| 03/30/2022 | 99 (p.2312) | Letter from Tommy Barnes re: His confinement in the Texas prison system, filed. (SpencerSavarese, 4) (Entered: 03/31/2022) |
| 03/30/2022 | 100 (p.2315) | REPLY to Response to 84 (p.2265) MOTION to Lift Stay, filed by Tommy Duane Barnes. (SpencerSavarese, 4) (Entered: 03/31/2022) |

| | | |
|---|---|---|
| 03/30/2022 | 101 (p.2318) | MOTION to reopen criminal investigation on Robert Felix, JR. by Tommy Duane Barnes, filed. Motion Docket Date 4/20/2022. (SpencerSavarese, 4) (Entered: 03/31/2022) |
| 03/31/2022 | 98 (p.2310) | Letter from Tommy Barnes re: Copy of all motions and requesting phone call, filed. Sent copy of docket sheet showing motions filed. (NeldaGarcia, 2) (Entered: 03/31/2022) |
| 04/01/2022 | 102 (p.2320) | MOTION to make Ashtian Gray Barnes Sole Beneficiary by Tommy Duane Barnes, filed. Motion Docket Date 4/22/2022. (BrandisIsom, 4) (Entered: 04/01/2022) |
| 04/01/2022 | 103 (p.2321) | Other EXHIBITS by Tommy Duane Barnes, filed. (Attachments: # 1 (p.23) Envelope)(BrandisIsom, 4) (Entered: 04/01/2022) |
| 04/06/2022 | 104 (p.2329) | MOTION for Discovery/to subpoena Roberto Felix Jr for a court deposition by Tommy Duane Barnes, filed. Motion Docket Date 4/27/2022. (rkonieczny, 4) (Entered: 04/06/2022) |
| 04/11/2022 | 105 (p.2332) | MOTION for hearing on pending motions by Tommy Duane Barnes, filed. Motion Docket Date 5/2/2022. (SpencerSavarese, 4) (Entered: 04/11/2022) |
| 04/14/2022 | 106 (p.2335) | Letter from Tommy Barnes re: Request for Transfer, filed. (ShannonHolden, 4) (Entered: 04/14/2022) |
| 04/14/2022 | 107 (p.2342) | Letter from Tommy Duane Barnes re: Hearing, filed. (SpencerSavarese, 4) (Entered: 04/14/2022) |
| 04/14/2022 | 108 (p.2348) | ORDER granting 84 (p.2265) Motion to Lift Stay. Scheduling order to follow..(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 04/14/2022) |
| 04/14/2022 | 109 (p.2349) | SCHEDULING ORDER. Pltf Expert Report due by 5/13/2022. Deft Expert Report due by 6/17/2022. Dispositive Motion Filing due by 7/10/2022. Non-Dispositive Motion Filing due by 7/10/2022. Joint Pretrial Order due by 9/2/2022. Docket Call set for 9/30/2022 at 01:30 PM in Courtroom 8C before Judge Alfred H Bennett Jury Trial set for 10/3/2022 at 09:00 AM in Courtroom 8C before Judge Alfred H Bennett(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 04/14/2022) |

| 04/22/2022 | 110 (p.2351) | Letter from Tommy Barnes re: Scheduling, filed. (ClaudiaGutierrez, 4) (Entered: 04/22/2022) |
|---|---|---|
| 04/22/2022 | 111 (p.2353) | MOTION for said Court to Move in Favor of Stated Relief on the Following Paragraphs Ex Parte by Roberto Felix, Jr, filed. Motion Docket Date 5/13/2022. (jdav, 4) (Entered: 04/25/2022) |
| 04/29/2022 | 112 (p.2361) | RESPONSE in Opposition to 111 (p.2353) MOTION Move in Favor of States Relief on the Following Paragraphs Ex Parte, filed by Roberto Felix, Jr. (Attachments: # 1 (p.23) Proposed Order denying motion for second deposition)(Butt, James) (Entered: 04/29/2022) |
| 05/02/2022 | 113 (p.2370) | MOTION to Depose Roberto Felix, Jr. by Tommy Duane Barnes, filed. Motion Docket Date 5/23/2022. (dhansen, 4) (Entered: 05/03/2022) |
| 05/04/2022 | 114 (p.2374) | RESPONSE in Opposition to 113 (p.2370) MOTION to Depose Roberto Felix, Jr., filed by Roberto Felix, Jr. (Attachments: # 1 (p.23) Proposed Order denying 113 (p.2370) motion for second deposition)(Butt, James) (Entered: 05/04/2022) |
| 05/04/2022 | 116 (p.2383) | Offender Grievance Form and Letters to be Filed with the Court by Tommy Duane Barnes, filed. (Attachments: # 1 (p.23) Cover letter) (RachelWillborg, 4) (Entered: 05/05/2022) |
| 05/05/2022 | 115 (p.2381) | Expert Testimony for Trial by Tommy Barnes, filed. (gclair, 4) (Entered: 05/05/2022) |
| 05/13/2022 | 117 (p.2390) | Expert Report of Todd A. Maloney by Janice Hughes Barnes, filed. (Attachments: # 1 (p.23) Expert Report)(Steffensen, Peter) (Entered: 05/13/2022) |
| 05/20/2022 | 118 (p.2411) | Unopposed MOTION for Peter Steffensen to Withdraw as Attorney by Janice Hughes Barnes, filed. Motion Docket Date 6/10/2022. (Attachments: # 1 (p.23) Proposed Order)(Fife, Travis) (Entered: 05/20/2022) |
| 05/20/2022 | 119 (p.2415) | Trial EXHIBITS by Tommy Duane Barnes, filed. (Attachments: # 1 (p.23) Cover Letter)(JacquelineMata, 4) (Entered: 05/20/2022) |

| 05/24/2022 | 120 (p.2416) | ORDER granting 118 (p.2411) Motion to Withdraw as Attorney. Attorney Peter Blackmer Steffensen terminated.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 05/24/2022) |
|---|---|---|
| 05/26/2022 | 121 (p.2417) | NOTICE OF SERVICE of Supplemental Mandatory Initial Discovery Responses by County of Harris, Texas, Roberto Felix, Jr, filed. (Butt, James) (Entered: 05/26/2022) |
| 05/27/2022 | 122 (p.2419) | NOTICE to the Courts by Tommy Duane Barnes, filed. (gkelner, 4) (Entered: 05/27/2022) |
| 06/03/2022 | 123 (p.2422) | Letter from Tommy Barnes re: Questions about rights as pro se, filed. (JacquelineMata, 4) (Entered: 06/03/2022) |
| 06/15/2022 | 124 (p.2427) | MOTION to be removed from the Lopez Unit by Tommy Duane Barnes, filed. Motion Docket Date 7/6/2022. (SpencerSavarese, 4) (Entered: 06/15/2022) |
| 06/17/2022 | 125 (p.2441) | DESIGNATION OF EXPERT WITNESS LIST by County of Harris, Texas, Roberto Felix, Jr, filed.(Butt, James) (Entered: 06/17/2022) |
| 06/17/2022 | 126 (p.2451) | Letter from Tommy Barnes re: Copy of Scheduling Order, filed. Mailed copy as requested. (JessieHutchinson, 2) (Entered: 06/17/2022) |
| 06/17/2022 | 127 (p.2453) | Letter from Tommy Barnes re: Unsigned order, autopsy photos, filed. (Attachments: # 1 (p.23) Exhibit) (RachelWillborg, 4) (Entered: 06/21/2022) |
| 06/17/2022 | 128 (p.2455) | SUPPLEMENT by Tommy Duane Barnes, filed. (RachelWillborg, 4) (Entered: 06/21/2022) |
| 06/21/2022 | 129 (p.2464) | SUPPLEMENT to Petition by Tommy Duane Barnes, filed.(VanesaAranda, 3) (Entered: 06/22/2022) |
| 06/27/2022 | 130 (p.2469) | Plaintiff Tommy Barnes Grievance from Prison addressing Civil and Human Rights Violation by Tommy Duane Barnes, filed.(ShannonHolden, 4) (Entered: 06/28/2022) |

| | | |
|---|---|---|
| 06/30/2022 | 131 (p.2474) | NOTICE from USPS regarding the unsecured and rewrapping of package for delivery, filed. (AkeitaMichael, 4) (Entered: 07/01/2022) |
| 06/30/2022 | 132 (p.2477) | Mail Recovery Notice by Tommy Duane Barnes, filed. (RachelWillborg, 4) (Entered: 07/01/2022) |
| 07/05/2022 | 133 (p.2480) | Letter from Tommy Barnes re: Notice to the Courts of Complaints in Concerns with Due Process, filed. (Attachments: # 1 (p.23) Grievance Forms, # 2 (p.89) Envelope) (MaraGonzales, 2) (Entered: 07/05/2022) |
| 07/05/2022 | 134 (p.2487) | MOTION to Exclude Expert Opinions of Todd A. Maloney by County of Harris, Texas, Roberto Felix, Jr, filed. Motion Docket Date 7/26/2022. (Attachments: # 1 (p.23) Exhibit expert report of Todd Maloney, # 2 (p.89) Proposed Order granting motion to exclude expert)(Butt, James) (Entered: 07/05/2022) |
| 07/06/2022 | 135 (p.2512) | Second MOTION for Summary Judgment by County of Harris, Texas, Roberto Felix, Jr, filed. Motion Docket Date 7/27/2022. (Attachments: # 1 (p.23) Exhibit Affidavit of Roberto Felix, # 2 (p.89) Exhibit slipsheet for dash cam video exhibit, # 3 (p.91) Exhibit Business Records Affidavit with Pursuit Policy, # 4 (p.93) Exhibit Declaration of Jared Zwickey)(Butt, James) (Entered: 07/06/2022) |
| 07/06/2022 | 136 (p.2559) | EXHIBIT 2 re: [135-2] Second MOTION for Summary Judgment by County of Harris, Texas, Roberto Felix, Jr, filed. On file in the Clerk's Office.(gclair, 4) (Entered: 07/06/2022) |
| 07/11/2022 | 137 (p.2560) | Opposed MOTION to Exclude Expert Opinions of Jared Zwickey by Janice Hughes Barnes, filed. Motion Docket Date 8/1/2022. (Attachments: # 1 (p.23) Exhibit Amended Expert Report of Jared Zwickey, # 2 (p.89) Exhibit Curriculum Vitae, # 3 (p.91) Exhibit Excerpts of Deposition of Jared Zwickey, # 4 (p.93) Proposed Order Proposed Order for Motion)(Fife, Travis) (Entered: 07/11/2022) |
| 07/12/2022 | | (Court only) ***Motion(s) terminated: 69 (p.2195) MOTION to Dismiss. DOC.#69 relief granted by DOC. #81. (dosmith, 4) (Entered: 07/12/2022) |

| | | |
|---|---|---|
| 07/12/2022 | | (Court only) ***Motion(s) terminated: 92 (p.2295) MOTION Represent Himself as Pro Se. DOC.#92 relief granted by DOC.#81. (dosmith, 4) (Entered: 07/12/2022) |
| 07/12/2022 | 138 (p.2693) | ORDER denying 78 (p.2237) Motion; denying 83 (p.2249) Motion; denying 89 (p.2280) Motion to Intervene; denying 91 (p.2291) Motion for Clarification; denying 93 (p.2297) Motion for Discovery; denying 96 (p.2304) Motion for Extension of Time; Motion-related deadline set re: 78 (p.2237) MOTION Subpoena A Graph, 83 (p.2249) MOTION to Inform Court, 89 (p.2280) MOTION to Intervene, 91 (p.2291) MOTION for Clarification, 93 (p.2297) MOTION for Discovery, 96 (p.2304) MOTION for Extension of Time to Allow Time for Necessary Documents, 101 (p.2318) MOTION Reopen criminal investigation on Robert Felix, JR., 102 (p.2320) MOTION to make Ashtian Gray Barnes Sole Beneficiary, 104 (p.2329) MOTION for Discovery, 105 (p.2332) MOTION for hearing on pending motions Hearing, 111 (p.2353) MOTION Move in Favor of States Relief on the Following Paragraphs Ex Parte, 113 (p.2370) MOTION to Depose Roberto Felix, Jr., 124 (p.2427) MOTION To be removed from the Lopez Unit.; denying 101 (p.2318) Motion; denying 102 (p.2320) Motion; denying 104 (p.2329) Motion for Discovery; denying 105 (p.2332) Motion for Hearing; denying 111 (p.2353) Motion; denying 113 (p.2370) Motion; denying 124 (p.2427) Motion.Mr. Barnes' previous counsel are hereby ORDERED to provide Mr. Barnes a copy of his case file within 14 days from the entry of this Order and file a notice of compliance once they have done so..(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 07/12/2022) |
| 07/13/2022 | 139 (p.2696) | Notice of Appearance for Ashley Fernandez Dorsaneo to Appear as Attorney by Janice Hughes Barnes, filed. Motion Docket Date 8/3/2022. (Dorsaneo, Ashley) Modified on 7/17/2022 (ledwards, 4). (Entered: 07/13/2022) |
| 07/14/2022 | 140 (p.2697) | Letter from Tommy Duane Barnes re: assistance regarding submitted grievances, filed. (Attachments: # 1 (p.23) Exhibits) (rguerrero, 4) (Entered: 07/14/2022) |
| 07/18/2022 | 141 (p.3162) | (Court only) Copy Request and Document(s) Sent by regular mail to Tommy Barnes re: 90 (p.2285) Letter, 93 (p.2297) MOTION for Discovery, 82 (p.2248) Order on Motion for Clarification, 83 (p.2249) MOTION to Inform Court, 89 (p.2280) MOTION to Intervene, 94 (p.2299) Letter, 87 (p.2275) Letter, filed. (RochelleLimon, 2) (Entered: 07/18/2022) |

| 07/22/2022 | 142 (p.2710) | Opposed MOTION for Leave to File Excess Pages by Janice Hughes Barnes, filed. Motion Docket Date 8/12/2022. (Attachments: # 1 (p.23) Proposed Order Proposed Order)(Fife, Travis) (Entered: 07/22/2022) |
| --- | --- | --- |
| 07/22/2022 | 143 (p.2714) | NOTICE *of Compliance* re: 138 (p.2693) Order on Motion for Miscellaneous Relief,,,,,,,,,,,, Order on Motion to Intervene,,,,,, Order on Motion for Clarification,,,,,, Order on Motion for Discovery,,,,,, Order on Motion for Extension of Time,,,,,,,,,,,,,,,,,,,,, Order on Motion for Hearing,,,,,,,,,,,,,,,,,,,,, by Janice Hughes Barnes, filed. (Dolling, Zachary) (Entered: 07/22/2022) |
| 07/25/2022 | 144 (p.2717) | RESPONSE in Opposition to 137 (p.2560) Opposed MOTION to Exclude Expert Opinions of Jared Zwickey, filed by County of Harris, Texas, Roberto Felix, Jr. (Attachments: # 1 (p.23) Proposed Order denying motion to exclude expert witness of defendants)(Butt, James) (Entered: 07/25/2022) |
| 07/25/2022 | 145 (p.2727) | RESPONSE to 134 (p.2487) MOTION to Exclude Expert Opinions of Todd A. Maloney, filed by Tommy Duane Barnes. (Attachments: # 1 (p.23) Envelope)(vrios, 2) (Entered: 07/25/2022) |
| 07/26/2022 | 146 (p.2730) | RESPONSE in Opposition to 134 (p.2487) MOTION to Exclude Expert Opinions of Todd A. Maloney, filed by Janice Hughes Barnes. (Attachments: # 1 (p.23) Exhibit Expert Report of Todd Maloney, # 2 (p.89) Proposed Order)(Fife, Travis) (Entered: 07/26/2022) |
| 07/27/2022 | 147 (p.2762) | RESPONSE in Opposition to 135 (p.2512) Second MOTION for Summary Judgment , filed by Janice Hughes Barnes. (Attachments: # 1 (p.23) Affidavit Declaration of Adam Fomby, # 2 (p.89) Exhibit 1 Dash Camera Footage, # 3 (p.91) Exhibit 2 Felix Deposition Excerpts, # 4 (p.93) Exhibit 3 HPD Admin Report, # 5 (p.96) Exhibit 4 Felix Witness Statement, # 6 (p.106) Exhibit 5 Grand Jury Testimony, # 7 (p.108) Exhibit 6 IAD Letter, # 8 (p.122) Exhibit 7 Allbritton Deposition Excerpts, # 9 (p.124) Exhibit 8 Harris Cty. 2d ROG Response, # 10 (p.130) Exhibit 9 Harris Cty. SOP, # 11 (p.132) Affidavit Declaration of Todd Maloney, # 12 (p.134) Affidavit Declaration of Janice Barnes)(Dorsaneo, Ashley) (Entered: 07/27/2022) |

| | | |
|---|---|---|
| 07/28/2022 | 148 (p.2942) | EXHIBIT: Flash drive re: 147 (p.2762) Response in Opposition to Motion,, by Janice Hughes Barnes, filed.(ledwards, 4) (Entered: 07/28/2022) |
| 07/29/2022 | 149 (p.2943) | ORDER granting 142 (p.2710) Motion for Leave to File Excess Pages..(Signed by Judge Alfred H Bennett) Parties notified.(kpicota, 4) (Entered: 08/01/2022) |
| 08/01/2022 | 150 (p.2944) | REPLY in Support of 135 (p.2512) Second MOTION for Summary Judgment , filed by County of Harris, Texas, Roberto Felix, Jr. (Butt, James) (Entered: 08/01/2022) |
| 08/01/2022 | 151 (p.2949) | REPLY in Support of 137 (p.2560) Opposed MOTION to Exclude Expert Opinions of Jared Zwickey, filed by Janice Hughes Barnes. (Dorsaneo, Ashley) (Entered: 08/01/2022) |
| 08/02/2022 | 152 (p.2954) | Trial EXHIBITS by Tommy Duane Barnes (ledwards, 4) (Entered: 08/08/2022) |
| 08/08/2022 | 153 (p.2965) | OBJECTIONS to 150 (p.2944) Reply in Support of Motion *Response to Objections*, filed by Janice Hughes Barnes. (Fomby, Adam) (Entered: 08/08/2022) |
| 08/12/2022 | 154 (p.2971) | Letter from Tommy Barnes re: bench warrant and in custody transfer to Harris County, filed. (DMcKinnieRichardson, 4) (Entered: 08/12/2022) |
| 08/15/2022 | 155 (p.2974) | RESPONSE to 150 (p.2944) Reply in Support of Motion, filed by Tommy Duane Barnes. (SierraThomasAnderson, 4) (Entered: 08/16/2022) |
| 08/17/2022 | 156 (p.2979) | REPLY in Support of 135 (p.2512) Second MOTION for Summary Judgment , filed by County of Harris, Texas, Roberto Felix, Jr. (Butt, James) (Entered: 08/17/2022) |
| 08/29/2022 | 157 (p.2984) | REPLY to 156 (p.2979) Reply in Support of Motion for Summary Judgment, filed by Tommy Duane Barnes. (kpicota, 4) (Entered: 08/29/2022) |
| 08/29/2022 | 158 (p.2988) | ORDER granting 135 (p.2512) Motion for Summary Judgment. Case Dismissed.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 08/29/2022) |

| | | |
|---|---|---|
| 09/16/2022 | 159 (p.2996) | MOTION to Strike 122 (p.2419) Notice (Other) by Tommy Duane Barnes, filed. Motion Docket Date 10/7/2022. (AkeitaMichael, 4) (Entered: 09/16/2022) |
| 09/16/2022 | 160 (p.3001) | MOTION In Limine by Tommy Duane Barnes, filed. Motion Docket Date 10/7/2022. (BrandisIsom, 4) (Entered: 09/16/2022) |
| 09/16/2022 | 161 (p.3007) | RESPONSE to 135 (p.2512) Second MOTION for Summary Judgment filed by Tommy Duane Barnes. (BrandisIsom, 4) (Entered: 09/16/2022) |
| 09/16/2022 | 162 (p.3010) | MOTION for Sanctions by Tommy Duane Barnes, filed. Motion Docket Date 10/7/2022. (mmarquez, 5) (Entered: 09/16/2022) |
| 09/16/2022 | 163 (p.3014) | Supplemental EXHIBITS re: 162 (p.3010) MOTION by Tommy Duane Barnes, filed.(BrandisIsom, 4) (Entered: 09/16/2022) |
| 09/19/2022 | 164 (p.3021) | Memorandum in Support of 162 (p.3010) MOTION for Sanctions, filed by Tommy Duane Barnes. (jdav, 4) (Entered: 09/21/2022) |
| 09/19/2022 | 165 (p.3026) | Proposed Pretrial Order by Tommy Duane Barnes (BrandisIsom, 4) (Entered: 09/21/2022) |
| 09/28/2022 | 166 (p.3045) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 49 (p.2092) Order on Motion for Summary Judgment, 158 (p.2988) Order on Motion for Summary Judgment by Janice Hughes Barnes (Filing fee $ 505, receipt number ATXSDC-28847196), filed. (Fomby, Adam) (Entered: 09/28/2022) |
| 09/29/2022 | 167 (p.3047) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 166 (p.3045) Notice of Appeal,. Fee status: Paid. Reporter(s): G. Dye, L. Smith, D. Smith, M. Malone, filed. (Attachments: # 1 (p.23) Notice of Appeal) (SaraCelis, 1) (Entered: 09/29/2022) |
| 09/29/2022 | | Appeal Review Notes re: 166 (p.3045) Notice of Appeal,. Fee status: Paid. The appeal filing fee has been paid. Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal.Transcripts were produced for hearings held on 1/24/2020, 2/26/2020. Number of |

| | | |
|---|---|---|
| | | DKT-13 Forms expected: 4, filed.(SaraCelis, 1) (Entered: 09/29/2022) |
| 10/05/2022 | | Notice of Assignment of USCA No. 22-20519 re: 166 (p.3045) Notice of Appeal,, filed.(SaraCelis, 1) (Entered: 10/05/2022) |
| 10/07/2022 | 168 (p.3050) | MOTION/Notice to the Courts of Need to be Bench Warranted from Institutional Division of Texas Department of Corrections. by Tommy Duane Barnes, filed. Motion Docket Date 10/28/2022. (kpicota, 4) (Entered: 10/07/2022) |
| 10/11/2022 | 169 (p.3053) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 158 (p.2988) Order on Motion for Summary Judgment by Tommy Duane Barnes, filed.(DarleneHansen, 4) (Entered: 10/11/2022) |
| 10/12/2022 | 170 (p.3056) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 169 (p.3053) Notice of Appeal. Fee status: Not Paid. Reporter(s): G. Dye, L. Smith, D. Smith, M. Malone, filed. (Attachments: # 1 (p.23) Notice of Appeal, # 2 (p.89) DKT13 Form) (SaraCelis, 1) (Entered: 10/12/2022) |
| 10/12/2022 | | Appeal Review Notes re: 169 (p.3053) Notice of Appeal. Fee status: Not Paid. The appeal filing fee has not been paid, and appellant is a pro se litigant.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal.Transcripts were produced for hearings held on 1/24/2020, 2/26/2020. Number of DKT-13 Forms expected: 4, filed.(SaraCelis, 1) (Entered: 10/12/2022) |
| 10/13/2022 | 171 (p.3062) | Notice of Non-Compliance. Appellant has failed to: Submit the DKT13 transcript order form. Parties notified, filed. (SaraCelis, 1) (Entered: 10/13/2022) |
| 10/17/2022 | 172 (p.3063) | DKT13 TRANSCRIPT ORDER REQUEST by Adam Fomby. Transcript is unnecessary for appeal purposes This order form relates to the following: 169 (p.3053) Notice of Appeal, filed.(Fomby, Adam) (Entered: 10/17/2022) |

| 10/17/2022 | 173 (p.3065) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 49 (p.2092) Order on Motion for Summary Judgment, 158 (p.2988) Order on Motion for Summary Judgment by Tommy Duane Barnes, filed. (Attachments: # 1 (p.23) Envelope)(AkeitaMichael, 4) (Entered: 10/17/2022) |
|---|---|---|
| 10/17/2022 | 174 (p.3068) | MOTION for Leave to Appeal in forma pauperis by Tommy Duane Barnes, filed. Motion Docket Date 11/7/2022. (AkeitaMichael, 4) (Entered: 10/17/2022) |
| 10/17/2022 | 175 (p.3164) | Prisoner Trust Fund Account Statement by Tommy Duane Barnes, filed. (AkeitaMichael, 4) (Entered: 10/17/2022) |
| 10/17/2022 | | Notice of Assignment of USCA No. 22-20519 re: 169 (p.3053) Notice of Appeal, filed.(SaraCelis, 1) (Entered: 10/17/2022) |
| 10/17/2022 | 177 (p.3076) | NOTICE to Court by Tommy Duane Barnes, filed. (AkeitaMichael, 4) (Entered: 10/18/2022) |
| 10/18/2022 | 176 (p.3070) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 173 (p.3065) Notice of Appeal. Fee status: Not Paid. Reporter(s): G. Dye, L. Smith, D. Smith, M. Malone, filed. (Attachments: # 1 (p.23) Notice of Appeal, # 2 (p.89) DKT13 Form) (SaraCelis, 1) (Entered: 10/18/2022) |
| 10/18/2022 | | Appeal Review Notes re: 173 (p.3065) Notice of Appeal. Fee status: Not Paid. The appeal filing fee has not been paid, and appellant is a pro se litigant.A motion to proceed in forma pauperis is pending.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal.Transcripts were produced for hearings held on 1/24/2020, 2/26/2020. Number of DKT-13 Forms expected: 4, filed.(SaraCelis, 1) (Entered: 10/18/2022) |
| 10/25/2022 | 179 (p.3079) | NOTICE of Questionable Delay of Due Process of DKT-13 Transcript Order Forms by Tommy Duane Barnes, filed. (DarleneHansen, 4) (Entered: 10/27/2022) |
| 10/26/2022 | 178 (p.3078) | Notice of Non-Compliance. Appellant has failed to: Submit the DKT13 transcript order form. Parties notified, filed. (SaraCelis, 1) (Entered: 10/26/2022) |

| 10/31/2022 | 180 (p.3086) | DKT13 TRANSCRIPT ORDER REQUEST by Tommy Barnes. Transcript is already on file in Clerks office regarding Motion Hearing 2/26/30 before Judge Alfred Bennett. (No transcript is needed). Court Reporter/Transcriber: Kathy Metzger. This order form relates to the following: 173 (p.3065) Notice of Appeal, 169 (p.3053) Notice of Appeal, filed.(DarleneHansen, 4) (Entered: 10/31/2022) |
| 11/01/2022 | 181 (p.3089) | DKT13 TRANSCRIPT ORDER REQUEST by Tommy Barnes. Transcript is already on file in the Clerk's Office. This order form relates to the following: 173 (p.3065) Notice of Appeal, 169 (p.3053) Notice of Appeal, filed.(jtabares, 1) (Entered: 11/01/2022) |
| 11/01/2022 | | (Court only) Set/Cleared Flags. Appeal_Nat flag cleared. (SaraCelis, 1) (Entered: 11/01/2022) |
| 11/01/2022 | | (Court only) ***(PRIVATE ENTRY) EROA requested by the Fifth Circuit. Due on 11/16/2022 [22-20519] (DLM), filed. (SaraCelis, 1) (Entered: 11/01/2022) |

# Tab 2
**Notice of Appeal**
**ROA.3045-3046 (Doc # 166)**

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **Janice Hughes Barnes, Individually and** | **§** | **as a** |
| **Representative of The Estate of** | **§** | **Ashtian** |
| **Barnes, Deceased; and Tommy** | **§** | |
| **Duane Barnes** | **§** | |
| *Plaintiffs* | **§** | |
| | **§** | |
| **VS.** | **§** | **C.A. NO.: 4:18-CV-00725** |
| | **§** | |
| **Roberto Felix, Jr.** | **§** | |
| **And the County of Harris, Texas** | **§** | |
| *Defendants.* | **§** | |

## <u>PLAINTIFFS' NOTICE OF APPEAL</u>

Under Federal Rules of Civil Procedure 4, Plaintiff, Janice Hughes Barnes, hereby appeal to the United States Court of Appeals for the Fifth Circuit from this Court's Order granting of Defendant's Motion for Summary Judgment signed by the Court on March 31, 2021 and August 29, 2022 accordingly, and to all rulings and orders subsumed in that order.

Respectfully submitted,

FOMBY & FOMBY LLC

/s/ Adam Fomby_____
Adam W. Fomby
State Bar No.  24083006
Howard R. Fomby
State Bar No. 24069725

440 Louisiana Street, Suite 900
Houston, Texas 77002
(281) 846-4229 Telephone (888) 588-
4925 Facsimile  adam@fombylaw.com
hfomby@fombylaw.com

Case 4:18-cv-00725   Document 166   Filed on 09/28/22 in TXSD   Page 2 of 2

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the above and foregoing document has been served on each attorney of record electronically on this 28th day of September, 2022.

/s/ Adam Fomby
Adam Fomby

# Tab 3
**Order Being Appealed-03/31/2021**
**ROA.2092-2103 (Doc # 49)**

Case 4:18-cv-00725   Document 49   Filed on 03/31/21 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas

**ENTERED**
March 31, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANICE HUGHES BARNES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-725 |
| | § | |
| ROBERTO FELIX JR., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants' Consolidated Motion for Summary Judgment (the "Motion") (Doc. #42); Plaintiffs' Response (Doc. #44), and Defendants' Reply (Doc. #45). At issue is the lawfulness of an officer's actions during a traffic stop that ended, not more than three minutes after it began, with the officer having fatally shot the driver of the vehicle. The question is whether the Court can consider the officer's conduct precipitating the shooting—which included jumping onto a moving vehicle and blindly firing his weapon inside—in determining whether the officer used excessive force in violation of the Fourth Amendment. Under Fifth Circuit precedent, the answer is no. The Motion is therefore granted.

### I.    Background

#### a.    The Shooting

On April 28, 2016, Roberto Felix Jr., a traffic enforcement officer for the Harris County Precinct 5 Constable's Office, was patrolling the Sam Houston Tollway. Doc. #42, Ex. 1 ¶ 4. At about 2:40 p.m., he heard a radio broadcast from the Harris County Toll Road Authority regarding a prohibited vehicle on the Tollway. *Id.* After requesting more information, he received a license plate number for the vehicle and began looking for it. *Id.* He located the vehicle, a Toyota Corolla, and initiated the traffic stop by activating his emergency lights. *Id.* ¶ 5. The driver, Ashtian

Barnes, pulled over to the left shoulder of the Tollway, and Felix parked his car behind the Corrolla. *Id.*

At about 2:43 p.m., Felix exited his vehicle and approached Barnes. *Id.*, Ex. 3, Video 1 at 85T14. When Felix asked for Barnes's driver's license and proof of insurance, Barnes informed him that he did not have his license and that he had rented the vehicle a week earlier in his girlfriend's name. *Id.*, Ex. 1 ¶ 5. Felix stated that Barnes was reaching around the vehicle and rummaging through papers. *Id.* ¶ 7. Several times, Felix warned Barnes to stop "digging around." *Id.*, Ex. 3, Video 1 at 85T14. Felix also asked Barnes whether he had anything in the vehicle he should know about, claiming he smelled marijuana. *Id.* At some point, Barnes reached over and turned off the vehicle's ignition, placing his keys near the gear shift. *Id.*, Ex. 1 ¶ 7. Felix then told Barnes to open his trunk. *Id.*, Ex. 3, Video 1 at 85T14.

At about 2:45 p.m., Felix next asked Barnes to step out of the vehicle, his right hand guarding his holster as the driver's side door opened. *Id.* Felix stated that, instead, Barnes grabbed his keys and turned on the vehicle. *Id.*, Ex. 1 ¶ 9. At that time, Felix was standing next to the open driver's side door. *Id.*, Ex. 3, Video 1 at 85T14. Felix jumped onto the door sill of the vehicle, though it is unclear whether that occurred before or after the vehicle had already began accelerating. Doc. #42, Ex. 1 ¶ 10; *id.*, Ex. 5 ¶ 27; Doc. #44, Ex. 2 at 90:19–24. As the vehicle moved forward, Felix yelled, "Don't fucking move!" twice. Doc. #42, Ex. 3, Video 1 at 85T14. Felix briefly drew his right hand out of the vehicle, holding onto his gun, before reinserted toward Barnes. *Id.*; Doc. #44 at 96:11–16. One second later, Felix shot inside the vehicle, his gun pointed downward, with "no visibility" of where he was aiming. *Id.* at 94:13–15, 97:1–3; Doc. #42, Ex. 3, Video 1 at 85T14. The next second, he fired another shot. *Id.* After about two seconds, the vehicle came to halt, and Felix yelled, "Shots fired!" into his radio. *Id.* Felix held Barnes at

2

gunpoint until backup arrived, while Barnes sat bleeding in the driver's seat. *Id.*, Ex. 1 ¶ 12; Doc. #44, Ex. 2 at 100:1–4. At 2:57 p.m., Barnes was pronounced dead at the scene. Doc. #42, Ex. 5.

### b. The Suit

Following the shooting, the Homicide Division of the Houston Police Department investigated the incident and presented a report to the Harris County District Attorney's Office. Doc. #44, Ex. 10 at 7. The District Attorney's Office presented the report to a grand jury on August 26 and August 31, 2016. *Id.* The grand jury ultimately returned a "no bill" in the case. *Id.* Harris County Precinct 5 Constable's Office also conducted an internal investigation and found no violations of its Standard Operating Procedures. *Id.*; *id.*, Ex. 11.

On December 29, 2017, Plaintiffs Janice Hughes Barnes and Tommy Duane Barnes filed an Original Petition in state court on behalf of Ashtian Barnes, asserting claims against Felix and Harris County, Texas (collectively "Defendants") under 42 U.S.C. § 1983 and the Texas Tort Claims Act.[1] Doc. #1, Ex. 2. Defendants removed the action to this Court on March 7, 2018. Doc. #1. Defendants now move for summary judgment on Plaintiffs' § 1983 claims, arguing that Felix did not violate Barnes's constitutional rights and is entitled to qualified immunity. Doc. #42. Defendants also seek judgment as a matter of law as to Plaintiffs' municipal liability claims against Harris County. Doc. #44.

### II. Legal Standard

### a. Federal Rule of Civil Procedure 56

Summary judgment is proper if there is no genuine dispute of material fact and the moving

---

[1] Plaintiffs do not address their cause of action under the Texas Tort Claims Act in the Response to the Motion. *See* Doc. #44. Because Plaintiffs have presented no evidence to support such relief, those claims are hereby DISMISSED.

3

party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. When a public official raises "a good faith assertion of qualified immunity," the plaintiff has the burden of showing that the defense is not available. *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 329–30 (5th Cir. 2020) (citing *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016)). To do so, the plaintiff must first demonstrate "that there is a genuine dispute of material fact and that a jury could return a verdict entitling the plaintiff to relief for a constitutional injury." *Id.* at 330. Once qualified immunity is involved, "the plaintiff's version of those disputed facts must also constitute a violation of clearly established law." *Id.*

As with any motion for summary judgment, the court "must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012) (quoting *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009)). But the court will "assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Id.* (quoting *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)).

**b.   Section 1983**

Section 1983 imposes liability for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" caused by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. The injured party may bring may a § 1983 claim against a state actor in their individual or official capacity or against a governmental entity of the state. *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016), *as revised* (June 16, 2016) (citing *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009)). To prevail on a claim under § 1983, the plaintiff must establish (1) a violation of a right secured by federal law (2) that "was committed by a person acting under color of state law." *Id.*

4

(quoting *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013)).

### 1. Qualified Immunity Defense

When a public official asserts qualified immunity against a § 1983 claim, the court must ask (1) whether the alleged conduct violated a constitutional right and (2) "whether the right in question was clearly established at the time of the alleged violation" as to put the official "on notice of the unlawfulness of his or her conduct." *Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019), *as revised* (Aug. 21, 2019), *cert. denied sub nom. Hunter v. Cole*, 141 S. Ct. 111, 207 L. Ed. 2d 1051 (2020) (citing *Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014) (per curiam)) (internal quotation marks omitted). "The officer is entitled to qualified immunity if there is no violation, or if the conduct did not violate law clearly established at the time." *Id.*

The Supreme Court has walked back the requirement that a court must resolve the constitutional question first, leaving it to the sound discretion of the courts to decide "the order of decision-making that will best facilitate the fair and efficient disposition of each case." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *cf. Saucier v. Katz*, 533 U.S. 194, 201 (2001) (requiring courts considering qualified immunity claim to first address whether a violation occurred to promote "the law's elaboration from case to case"). Even so, the Fifth Circuit has recognized the "value in addressing the constitutional merits to develop robust case law on the scope of constitutional rights." *Joseph*, 981 F.3d at 332. Thus, the Court's analysis proceeds under the first prong—whether Felix violated Barnes's constitutional right to be free from excessive force.

### III.   Analysis

Any claim "that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard." *Graham v. Connor*, 490 U.S. 386,

395 (1989) (citing *Tennessee v. Garner*, 471 U.S. 1 (1985)).  To establish a Fourth Amendment violation based on an officer's use of excessive force, the plaintiff must show (1) an injury, (2) "which resulted from the use of force that was clearly excessive to the need," (3) "the excessiveness of which was objectively unreasonable." *Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013) (quoting *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011)).

Ordinarily, a court considers three factors in determining whether an officer's use of force was reasonable: "(1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Joseph*, 981 F.3d at 332 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  But in cases involving the use of deadly force, the Fifth Circuit has developed a much narrower approach, effectively eschewing the first and third factors.  In this Circuit, the use of deadly force is "presumptively reasonable when the officer has reason to believe that the suspect poses a threat of serious harm to the officer or to others." *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009) (citing *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir.2003)).  And so, when an officer in this Circuit reasonably believes he has encountered such a threat, the constitutional inquiry ends there.[2] *See Manis v. Lawson*, 585 F.3d

---

[2] To be sure, this approach is not unform among the circuit courts of appeals.  The Seventh, Six, and Tenth Circuits have adopted a more nuanced framework when the officer's own conduct exacerbates the excessiveness of the deadly force used.  *See Est. of Starks v. Enyart*, 5 F.3d 230, 234 (7th Cir. 1993) ("If a fleeing felon is converted to a 'threatening' fleeing felon solely based on the actions of a police officer, the police should not increase the degree of intrusiveness.); *Kirby v. Duva*, 530 F.3d 475, 482 (6th Cir. 2008) ("Where a police officer unreasonably places himself in harm's way, his use of deadly force may be deemed excessive."); *Fogarty v. Gallegos*, 523 F.3d 1147, 1159–60 (10th Cir. 2008) (citation omitted) ("We also consider whether an officer's own 'reckless or deliberate conduct' in connection with the arrest contributed to the need to use the force employed."); *but see Cnty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1546, 198 L. Ed. 2d 52 (2017) (citing *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002)) (striking down Ninth Circuit permitting excessive force claim under Fourth Amendment "where an officer

6

839, 843 (5th Cir. 2009) (citing *Ontiveros*, 564 F.3d at 382) ("An officer's use of deadly force is

not excessive, and thus no constitutional violation occurs, when the officer reasonably believes

that the suspect poses a threat of serious harm to the officer or to others.").

In evaluating the reasonableness of the officer's belief, the court must only ask "whether

the officer or another person was in danger *at the moment of the threat* that resulted in the officer's

use of deadly force." *Rockwell*, 664 F.3d at 991 (5th Cir. 2011) (quoting *Bazan v. Hidalgo Cnty.*,

246 F.3d 481, 493 (5th Cir.2001)) (alterations omitted and emphasis in original); *Fraire v. City of*

*Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992) (citing *Young v. City of Killeen*, 775 F.2d 1349,

1352 (5th Cir.1985)) ("[R]egardless of what had transpired up until the shooting itself, [the

suspect's] movements gave the officer reason to believe, at that moment, that there was a threat of

physical harm."). To that end, courts in this Circuit should focus on "the act that led the officer to

discharge his weapon." *Amador v. Vasquez*, 961 F.3d 721, 728 (5th Cir. 2020), *cert. denied*, No.

20-585, 2021 WL 850625 (U.S. Mar. 8, 2021) (quoting *Manis*, 585 F.3d at 845) (alteration

omitted). In doing so, the court must view the act "from the perspective of a reasonable officer on

the scene, rather than with the 20/20 vision of hindsight," taking into account "that police officers

are often forced to make split-second judgments—in circumstances that are tense, uncertain, and

rapidly evolving." *Id.* (quoting *Darden v. City of Fort Worth, Tex.*, 880 F.3d 722, 729 (5th Cir.

2018)); *see Ramirez v. Knoulton*, 542 F.3d 124, 129–30 (5th Cir. 2008) (quoting *Flores v. City of*

---

intentionally or recklessly provokes a violent confrontation, if the provocation is an independent
Fourth Amendment violation").    Similarly, the Third Circuit considers the totality of the
circumstances, even if deadly force is involved.    *See Abraham v. Raso*, 183 F.3d 279, 289 (3d
Cir.1999) ("Giving due regard to the pressures faced by the police, was it objectively reasonable
for the officer to believe, in light of the totality of the circumstances, that deadly force was
necessary to prevent the suspect's escape, and that the suspect posed a significant threat of death
or serious physical injury to the officer or others?").

7

*Palacios*, 381 F.3d 391, 399 (5th Cir. 2004)) (internal quotation marks omitted) ("To gauge the objective reasonableness of the force used by a law enforcement officer, [the court] must balance the amount of force used against the need for force, paying careful attention to the facts and circumstances of each particular case.").

With that framework in mind, the Court now turns to the facts in the record, viewing them in the light most favorable to Plaintiffs. *See Newman*, 703 F.3d at 761. Because the record contains a dash cam recording of the incident, the Court starts there. *Id.* In chronological order, the dash cam video shows the following:

- Felix pulls over Barnes's vehicle at 2:43 p.m. and walks over to the vehicle about a minute later.
- Beginning at 2:45 p.m., Barnes orders Barnes to "stop digging around" at least three times.
- Barnes tells Felix that he has identification in the trunk.
- At about 2:45:33, the trunk opens.
- At about 2:45:43, Felix asks Barnes to step out of the vehicle, and it appears that Barnes opens the driver's-side door.
- As the door opens, Felix's right hand was on the holster of his gun.
- At about 2:45:48, the vehicle's taillights turn on.
- About one second later, Felix draws his gun, and the vehicle starts to move forward.
- Felix appears to step onto the door sill of the vehicle as the door begins to close.
- As the vehicle accelerates, Felix yells, "Don't fucking move!" twice.
- Felix briefly pulls his gun hand out of the vehicle.
- At about 2:45:52, Felix fires his first shot.
- Two seconds later, the vehicle comes to a complete stop.

Doc. #42, Ex. 3, Video 1 at 85T14.

Plaintiffs have not cited any evidence that would obfuscate the events depicted in the dash cam recording. Rather, Plaintiffs point to Felix's inconsistent testimony regarding the events leading up to the shooting. For instance, Felix stated that he jumped onto the door sill because he was afraid the door would close on him, causing him to be "pinned" and "drug" by the vehicle.

8

Doc. #44, Ex. 2 at 91:19–94:3, 178:8–9; *id.*, Ex. 3 at 12; *id.*, Ex. 7 at 3; *id.*, Ex. 8 at 2; *see also id.*
at 11 ("[M]y initial reaction was, I'm going to get run over."); *id.* at 12 ("When he drove off and
that door pinned me . . . I believed if I were to let go I would have got run over by the car."); *id.* at
14 ("The only option that I had at that point was to grab a hold of something and my body reacted
to hold on and jump on."). Yet, Felix's testimony also suggests that he was determined to prevent
Barnes from fleeing, even before the vehicle began to move, ostensibly to protect the general
public. *Id.*, Ex. 2 at 80:17–19, 106:23–107:2; *see also id.* at 81:17–21 ("[M]y actions were to draw
my weapon because I already had a perception of maybe something, a weapon or him trying to
flee at the same [] moment."); *id.* at 178:21–23 ("My attempt was to . . . stop him from fleeing,"
from causing injury to myself or others and that was my actions on that day."); 107:4–7 ("Along
with leaving the scene . . . in a motor vehicle is a felony charge . . . it is evading . . . that's why I
drew my weapon."); *id.*, Ex. 3 at 10 ("At that point I reached in with my left hand to try to keep him
from putting the car in gear and driving off and possibly causing another situation."); *id.* at 16 ("[W]hen
he went for the key and my thought was, something is that severe that he's going to put my life in
danger, he could easily put somebody else's life in danger as well."). Felix also conceded that

> I had nothing on Mr. Barnes, not even a name, so I didn't know who he was, what he
> was capable of or what he could [] do. So for him trying to flee [] in this situation
> definitely threw up a flag that there was something . . . that needed to be stopped.

*Id.*, Ex. 2 at 179:8–13. But this testimony, while relevant to Felix's decision-making and motivations,
has no bearing on whether Felix was in danger "*at the moment of the threat*" that caused him to use
deadly force against Barnes. *See Rockwell*, 664 F.3d at 991.

In fact, "the moment of the threat" occurred *after* Felix jumped onto the door sill at about
2:45:50, in the two seconds before Felix fired his first shot. Doc. #42, Ex. 3, Video 1 at 85T14;
*see also id.*, Ex. 9 at 9. In that moment, Felix was still hanging onto the moving vehicle and

9

believed it would run him over.[3] Doc. #44, Ex. 2 at 127:4–12; *id.*, Ex. 3 at 12; *id.*, Ex. 7 at 3. Additionally, Defendants' law enforcement expert Jared Zwickey stated that Felix "reasonably believed his life was in imminent danger of death or great bodily injury when Mr. Barnes refused to follow the deputy's commands to stop the vehicle from moving while the deputy's left foot was partially standing on the door sill of the vehicle." Doc. #42 at 33

Plaintiffs contend that any danger perceived by Felix was "created solely by himself, and not through the actions of [] Barnes." Doc.#44 at 18. But the Fifth Circuit does not consider "what had transpired up until the shooting itself" in assessing the reasonableness of an officer's use of deadly force, even when the officer's conduct departs from established police procedures. *See Fraire*, 957 F.2d at 1276 ("Even a negligent departure from established police procedure does not necessarily signal violation of constitutional protections."); *Rockwell*, 664 F.3d at 992 (finding argument that officers' breach of locked door "necessarily caused the shooting" was 'nothing more than speculation"). Likewise, it is immaterial that Felix fired the second shot "almost immediately after the first," as noted by Plaintiffs' law enforcement expert Todd Maloney. Doc. #44, Ex. 6 at 9. Once the use of deadly force is justified, nothing in the Fourth Amendment bars the officer from protecting himself, even if that means firing multiple rounds. *City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600 (2015).

---

[3] Felix has also stated that, while standing on the door sill, he felt "pressure" or a "tug" against his gun holster and "had to discharge my weapon to stop that threat." Doc. #44, Ex. 2 at 95:3–9; *id.*, Ex. 3 at 11, 13. In other words, according to Felix, his use of deadly force was also justified by the "tug" or "pressure" he felt near his holster. Not only is this not depicted in the dash cam recording, but it also suggests that Barnes was attempting a maneuver of near stuntman proportions, attempting to disarm Felix while simultaneously operating the vehicle. Because the possibility of such danger is slight, and the evidence supporting it scant, the Court finds this purported feeling insufficient to give Felix "reason to believe, at that moment, that there was a threat of physical harm." *See Young*, 775 F.2d at 1352.

10

In short, viewing the evidence in Plaintiffs' favor, the Court finds Felix's use of deadly force "presumptively reasonable" under controlling Fifth Circuit precedent. *See Ontiveros*, 564 F.3d at 382. Once Felix decided to jump onto the door sill, escalating the encounter even further, Barnes's continued operation of the vehicle put Felix at risk of serious harm. Because it is this act—and this act alone—that the Fifth Circuit has instructed courts to evaluate, this Court's inquiry begins and ends there. *See Amador*, 961 F.3d at 724. Therefore, because Barnes posed a threat of serious harm to Felix, his use of deadly force was not excessive, and there can be no constitutional violation. *See Manis*, 585 F.3d at 843.

Accordingly, because Plaintiffs have failed to demonstrate a genuine dispute of material fact as to a constitutional injury, their § 1983 claim fails even without considering Felix's qualified immunity defense. *See Joseph*, 981 F.3d at 329–30. Barring a constitutional injury, Plaintiffs also cannot assert municipal liability against Harris County. *See Horvath v. City of Leander*, 946 F.3d 787, 793 (5th Cir. 2020), *as revised* (Jan. 13, 2020) (quoting *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)) ("Municipal liability under § 1983 requires proof of (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose moving force is the policy or custom.").

## IV.   Conclusion

The Court is mindful that police officers often must "make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving." *Amador*, 961 F.3d at 728. But as Judge Higginbotham wrote in *Mason v. Lafayette*,

> At some point, an officer crosses the line between setting up a risky situation and actually himself directly causing the "threat." Officers are at risk in nigh every traffic stop as they approach a vehicle, as are the persons in that vehicle—so also with street confrontations. Yet no one will maintain that an officer can lawfully avoid all risk by simply shooting and asking questions later.

11

*Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 288–89 (5th Cir. 2015) (Higginbotham, J., concurring in part and dissenting in part); *see also Kisela v. Hughes*, 138 S. Ct. 1148, 1162, 200 L. Ed. 2d 449 (2018) ("[The Court's decision] sends an alarming signal to law enforcement officers and the public. It tells officers that they can shoot first and think later, and it tells the public that palpably unreasonable conduct will go unpunished."). By limiting the focus of the judicial inquiry so narrowly as to only examine the precise moment the officer decided to use deadly force, the Fifth Circuit has effectively stifled a more robust examination of the Fourth Amendment's protections when it comes to encounters between the public and the police. The Court invites this Circuit to consider the approach applied by its sister courts, affording § 1983 claimants the opportunity to have each party's conduct reviewed objectively and, if appropriate, hold officers accountable when their conduct has directly resulted in the need for deadly force and infringed upon the rights secured by the Fourth Amendment.

But ultimately duty bound to faithfully apply current Fifth Circuit precedent in cases involving the use of deadly force, the Court determines that at the exact moment Felix was hanging onto Barnes's vehicle, and Barnes was attempting to flee, Barnes posed a serious threat of harm to Felix. Accordingly, the Motion is GRANTED. This case is hereby DISMISSED.

It is so ORDERED.

**MAR 3 1 2021**

Date

The Honorable Alfred H. Bennett
United States District Judge

12

# Tab 4
**Order Being Appealed – 08/29/2022**
**ROA.2988-2995 (Doc # 158)**

United States District Court
Southern District of Texas

**ENTERED**
August 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JANICE HUGHES BARNES, *et al*,     §
                                   §
         Plaintiffs,               §
VS.                                §          CIVIL ACTION NO. 4:18-CV-725
                                   §
ROBERTO FELIX JR., *et al*,        §
                                   §
         Defendants.               §

## ORDER

Before the Court are Defendants' Second Motion for Summary Judgment (the "Motion") (Doc. #135), Plaintiff Janice Hughes Barnes' Response (Doc. #147), Defendants' Reply and Objections to Plaintiff Janice Hughes Barnes' Response (Doc. #150), Plaintiff Janice Hughes Barnes' Response to Defendants Objections (Doc. #153), Plaintiff Tommy Barnes' Response to the Motion (Doc. #155), and Defendants' Reply (Doc. #156). Having reviewed the parties' arguments and applicable law, the Court grants the Motion.

### I.    Background

On April 28, 2016, Roberto Felix Jr. ("Felix"), a traffic enforcement officer for the Harris County Precinct 5 Constable's Office, initiated a traffic stop of Ashtian Barnes ("Barnes") that ended in Felix fatally shooting Barnes. Doc. #135, Ex. 1 ¶¶ 4, 5. Full details of the events that led to Barnes' death can be found in the Court's March 31, 2021 Order, which granted summary judgment for Felix and Harris County, Texas (collectively "Defendants") on Plaintiffs Janice Hughes Barnes and Tommy Barnes' deadly force claims after finding that Felix's use of deadly force was not objectively unreasonable under established Fifth Circuit precedent that this Court is obligated to apply. Doc. #49. Defendants now move for summary judgment on Plaintiffs' remaining 42 U.S.C. § 1983 excessive force claims that are based on Felix "drawing his firearm and pointing it directly at and

inches away from [Barnes'] head," allegedly "without any reasonable suspicion that [Barnes] posed a threat." Doc. #135 and Doc. #66 at 1. Unlike Plaintiffs' since-dismissed deadly force claim that was based on Felix shooting his gun, Plaintiffs' excessive force claim is based on Felix's decision to brandish his gun. *See* Doc. #49 and Doc. #66 at 1. Relevant to this claim are the following facts.

At about 2:40 p.m. on April 28, 2016, Felix heard a radio broadcast from the Harris County Toll Road Authority regarding a prohibited vehicle on the Sam Houston Tollway. Doc. #135, Ex. 1 ¶ 4. At about 2:43 p.m., Felix located the vehicle and initiated the traffic stop. *Id.* ¶ 5; *Id.*, Ex. 2 at 00:49. The driver of the vehicle, Barnes, pulled over to the left shoulder of the Tollway "within seconds" of Felix activating his emergency lights and Felix parked his car behind the vehicle. *Id.*, Ex. 2 at 00:51, Ex. 3 at 30:16–22. At 2:44, Felix exited his vehicle and approached Barnes, who had already rolled down his window. *Id.*, Ex. 2 at 01:30; Doc. #147, Ex. 3 at 34:1–10. When Felix asked for Barnes' driver's license and proof of insurance, Barnes informed him that he did not have his license and that he had rented the vehicle a week earlier in his girlfriend's name. Doc. #135, Ex. 1 ¶ 6. Barnes began reaching around the vehicle and rummaging through papers, which resulted in Felix warning Barnes to stop "digging around" multiple times. *Id.* ¶ 7, Ex. 2 at 02:30.

Barnes then told Felix he might have identifying information in the trunk of the vehicle. *Id.*, Ex. 2 at 02:40. Felix asked Barnes to open his trunk, which Barnes did before he took his keys out of the ignition and turned the vehicle off. *Id.* at 02:45–52. Before heading to the trunk, Felix asked Barnes to exit the vehicle and stepped in between Barnes and his now open driver side door. *Id.* at 02:56. After retrieving his keys, Barnes then turned his vehicle back on. *Id.* at 03:03. One second letter, Felix drew his firearm and pointed it at Barnes. *Id.* at 03:04. As Barnes' vehicle began moving, Felix yelled "don't fucking move" twice. *Id.* at 3:05. Because the excessive force claim is based solely upon Felix brandishing his firearm, the fatal events that followed the brandishing are not

2

relevant to the claim or Motion now before the Court. *See* Doc. #135 and Doc. #66 at 1. Rather, Defendant's Motion argues that Felix is entitled to qualified immunity and because he did not use excessive force, all municipal liability claims against Harris County must fail as well. Doc. #135.

## II.    Legal Standard

### a.    Federal Rule of Civil Procedure 56

Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. When a public official raises "a good faith assertion of qualified immunity," the plaintiff has the burden of showing that the defense is not available. *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 329–30 (5th Cir. 2020) (citing *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016)). To do so, the plaintiff must first demonstrate "that there is a genuine dispute of material fact and that a jury could return a verdict entitling the plaintiff to relief for a constitutional injury." *Id.* at 330. Once qualified immunity is involved, "the plaintiff's version of those disputed facts must also constitute a violation of clearly established law." *Id.*

As with any motion for summary judgment, the court "must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012) (quoting *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009)). But the court will "assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Id.* (quoting *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)).

### b.    Section 1983

Section 1983 imposes liability for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" caused by any person acting "under color of any statute,

3

ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. The injured party may bring may a § 1983 claim against a state actor in their individual or official capacity or against a governmental entity of the state. *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016), *as revised* (June 16, 2016) (citing *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009)). To prevail on a claim under § 1983, the plaintiff must establish (1) a violation of a right secured by federal law (2) that "was committed by a person acting under color of state law." *Id.* (quoting *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013)).

### 1. Qualified Immunity Defense

When a public official asserts qualified immunity against a § 1983 claim, the court must ask (1) whether the alleged conduct violated a constitutional right and (2) "whether the right in question was clearly established at the time of the alleged violation" as to put the official "on notice of the unlawfulness of his or her conduct." *Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019), *as revised* (Aug. 21, 2019), *cert. denied sub nom. Hunter v. Cole*, 141 S. Ct. 111, 207 L. Ed. 2d 1051 (2020) (citing *Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014) (per curiam)) (internal quotation marks omitted). "The officer is entitled to qualified immunity if there is no violation, or if the conduct did not violate law clearly established at the time." *Id.* The Court's analysis proceeds under the first prong—whether Felix violated Barnes's constitutional right to be free from excessive force.

### III. Analysis

Defendants move for summary judgment on Plaintiffs' Section 1983 excessive force claim, arguing in part that it was objectively reasonable for Felix to draw and point his weapon in light of Barnes' conduct. Any claim "that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard." *Graham v. Connor*, 490 U.S. 386,

4

395 (1989). To establish a Fourth Amendment violation based on an officer's use of excessive force, the plaintiff must show "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Pena v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018). "The second and third elements collapse into a single objective-reasonableness inquiry, guided by the following *Graham* factors: the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (cleaned up). Excessive force claims are necessarily fact-intensive; whether the force used is excessive or unreasonable depends on the facts and circumstances of each particular case." *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (quotation omitted). "The court must adopt the perspective of a reasonable officer on the scene, rather than judge with the 20/20 vision of hindsight." *Bros. v. Zoss*, 837 F.3d 513, 518 (5th Cir. 2016). "[T]he 'reasonableness' inquiry . . . is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397.

Here, the dash cam video shows the following:

- At 2:45:28, Felix orders Barnes to open the trunk of his vehicle. At this time, Barnes' left blinker is still on, indicating that keys are still in the ignition.
- At 2:45:33, Barnes opens the trunk of the vehicle.
- At 2:45:36, Barnes' left blinker turns off.
- At 2:45:43, Felix asks Barnes to get out of the vehicle.
- At 2:45:44, Barnes' driver side door is opened.
- At 2:45:47, Barnes' left blinker turns back on.
- At 2:45:48, Felix draws his weapon.
- At 2:45:49, Felix points his weapon at Barnes and begins shouting "don't fucking move" as Barnes' vehicle begins moving.

Doc. #135, Ex. 2 at 02:45–03:05.

5

Plaintiffs have not cited any evidence that would obfuscate the events depicted in the dash cam recording. Rather, Plaintiffs point to Felix's inconsistent testimony regarding what conduct by Barnes prompted Felix to draw his weapon. It is undisputed that before Felix drew his weapon, Barnes had turned off his car and put his keys in the center console. Doc. #147 at 7, Ex. 4 at 74:20–25. As to what caused Felix to draw his weapon, Plaintiffs note that Felix: (1) stated in his 2016 witness statement that he drew his weapon after seeing Barnes reach for his keys, (2) testified to a grand jury that he drew his weapon when he saw Barnes reaching down, (3) testified at his deposition that he drew his weapon as Barnes was putting the key in the ignition, and (4) stated in his affidavit that he drew his weapon when Barnes grabbed his keys and turned on the vehicle. Doc. #147 at 7, 16. Though there are slight differences in this testimony, all four scenarios are consistent with the dash cam video, which shows that four seconds after Felix asked Barnes to exit the vehicle, Barnes was still in the vehicle and the vehicle's blinker turned back on. Doc. #135, Ex. 2 at 02:58–03:03.

Though Plaintiffs argue that "Barnes reaching down after Felix opened his door . . . is just as consistent with him preparing to leave the rental car as refusing Felix's order," they offer no explanation as to why a passenger would need to reach down before exiting a vehicle. *See* Doc. #147 at 15. Conversely, the Fifth Circuit has found that an officer was justified in fatally shooting a driver who "reached down to the seat or floorboard of his car" after the officer ordered the driver to exit the vehicle. *Young v. City of Killeen, Tex.*, 775 F.2d 1349, 1351, 1353 (5th Cir. 1985). As such, the Court cannot say that pointing a weapon at a driver who "reaches down" for an unknown reason after the officer orders the driver to exit the vehicle is unreasonably excessive. *See id.*

Plaintiffs cite to two Fifth Circuit district court cases where qualified immunity was denied on an excessive force claim based on the brandishing of a firearm. The first is *Manis v. Cohen*, wherein the district court denied summary judgment based on conflicting testimony as to whether an

6


officer pointed his gun at the head of a man lawfully towing the officer's car or pointed the gun at the vehicle itself. CIV.A.3:00CV1955-P, 2001 WL 1524434, at *1–2, *8 (N.D. Tex. Nov. 28, 2001). The second is *Flores v. Rivas*, wherein the district court denied a motion to dismiss an excessive force claim because the complaint alleged that an officer brandished a weapon at numerous children who had committed no crime, gave no reason to believe they had committed a crime, had not done anything to threaten the safety of the officer or general public, and did nothing to resist or evade arrest. No. EP-18-CV-297-KC, 2020 WL 563799, at *7 (W.D. Tex. Jan. 31, 2020). Both of these cases are easily distinguishable.

Here, the dash cam footage shows that Felix did not draw his weapon until Barnes turned his vehicle back on despite Felix's order to exit the vehicle. Doc. #135, Ex. 2 at 02:58–03:03. Regardless of whether Felix drew his weapon before or after the vehicle started moving, Plaintiffs offer no lawful explanation for Barnes turning his car back on after Felix ordered him to exit the vehicle. *See* Doc. #147 at 16; *c.f. Manis*, 2001 WL 1524434, at *1 (explaining that the driver the officer pointed his gun at had the right to tow the officer's vehicle). Though Plaintiffs argue that there is only self-serving evidence that Barnes was attempting to flee, Plaintiffs do not offer any non-inimical explanation for Barnes's conduct. *See* Doc. #147 at 16. Moreover, even if such a reason exists, it was not objectively unreasonable for Felix to believe that Barnes was attempting to flee when Barnes turned his car on despite Felix's order to exit the vehicle. *C.f. Flores*, 2020 WL 563799, at *7 (noting that the children the officer pointed his weapon at did nothing to resist or evade arrest). As such, the Court cannot say that Felix pointing his weapon at Barnes when Barnes turned on his vehicle despite Felix's order was unreasonably excessive in violation of the Fourth Amendment.

Accordingly, because Plaintiffs have failed to demonstrate a genuine issue of material fact as to a constitutional injury, their § 1983 claim fails. *See Joseph*, 981 F.3d at 329–30. Barring a

7

constitutional injury, Plaintiffs also cannot assert municipal liability against Harris County. *See Horvath v. City of Leander*, 946 F.3d 787, 793 (5th Cir. 2020), *as revised* (Jan. 13, 2020) (quoting *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)) ("Municipal liability under § 1983 requires proof of (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose moving force is the policy or custom.").

## IV.    Conclusion

The Court is cognizant of the very narrow question before it: is there a genuine issue of material fact as to whether Felix violated Barnes' Fourth Amendment rights when he pointed his firearm at Barnes? For the reasons explained above, the Court finds that the answer to that question is no. The Court continues to invite the Fifth Circuit to review its very narrow approach to deadly-force claims. *See* Doc. #49 at 12. Nevertheless, the only issue before the Court today was Felix's decision to brandish his gun, not his decision to shoot it. Because Barnes did not comply with Felix's order to exit his vehicle and instead turned his vehicle on, it was not excessively unreasonable for Felix to brandish his weapon in an attempt to stop Barnes from fleeing. Accordingly, the Motion is GRANTED. This case is hereby DISMISSED.

It is so ORDERED.

AUG 2 9 2022
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

8

## CERTIFICATE OF SERVICE

The undersigned counsel of record certifies that the foregoing Record Excerpt for Appellant Janice Barnes was on this day, February 13, 2023, served upon counsel for Appellees, by notice of electronic filing with the Fifth Circuit CM/ECF system.

/s Howard Rene Fomby Jr
Howard Fomby
Counsel for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to 5th Circuit rules, the undersigned certifies this record excerpt complieswith the content and format limitations of 5TH CIR. R. 30.1.2 - 30.1.7

The undersigned understands a material misrepresentation in completing this certificate may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

/s Howard Rene Fomby Jr
Howard Fomby
Counsel for Plaintiff